COSSAR et al. v. GRENADA OIL MILL.*

(Division A. April 13, 1925.)

[103 So. 509. No. 24853.]

1. LIMITATION OF ACTIONS. *Evidence not disclosing cause of former action held not to bring it within provisions of statute as to commencing new action for same cause as one abated, or in which judgment was reversed on appeal.*

An action is not brought within the provisions of section 3116, Code of 1906 (Hemingway's Code, section 2480), which provides that, if any action commenced within the time allowed therefor is abated or the judgment thereof reversed on appeal, the plain-

tiff may commence a new action for the same cause within one year after the termination of the original suit, by evidence disclosing a former suit between the same parties, but not disclosing the cause of action there sued on.

2. Limitation of Actions. *Acknowledgment of mortgagor's title to land in possession of mortgagee, or right to redeem, in writing, signed by mortgagee, or person claiming through him, is only acknowledgment tolling statute of limitations.*

Under section 3092, Code of 1906 (section 2456, Hemingway's Code), which provides that, when a mortgagee is in possession of the land mortgaged, after condition broken, the mortgagor and persons claiming through him may not bring suit to redeem the mortgage, but within ten, years next after the time at which the mortgagee obtained possession of the land unless in the meantime an acknowledgment of the title of the mortgagor, or of his right of redemption, shall have been given in writing, signed by the mortgagee, or the person claiming through him, the only acknowledgment of the mortgagor's title to the land, or right to redeem, that will toll the running of the statute, is an acknowledgment thereof in writing, signed by the mortgagee, or the person claiming through him.

---

*Headnotes 1. Limitation of Actions, 25 Cyc., p. 1315; 2. Limitation of Actions, 25 Cyc., pp. 1351, 1360.

Appeal from chancery court of Tallahatchie county.
Hon. C. L. Lomax, Chancellor.

Suit by C. G. Cossar and others against the Grenada Oil Mill. From a decree dismissing bill, complainants appeal. Affirmed.

*Jas. Stone & Sons,* for appellants.

I.

The Court Erred in not Holding That the Running of All Statutes of Limitation was not Stopped by the Filing of Suit No. 3146 in the Chancery Court of the First District of Tallahatchie County, Mississippi, on September 7, 1921. The present suit is maintainable under section 2480, Hemingway's Code, section 3116, of the Code of 1906.

Cause No. 3146, as shown by the record, was filed on the 7th day of September, 1921. The record shows that this suit was against these same defendants and was not dismissed until the trial of the case at bar. In other words, it was pending all the time. The present suit simply cut down the number of defendants, part of the property involved, and the number of sales under deeds of trust attacked. The land in both suits was on the *lis pendens* docket from the 7th day of September, 1921, on. The present suit was filed on the 5th day of November, 1921, less than two months after the filing of cause No. 3146 and more than one year before the dismissal of cause No. 3146. It is our contention that the dismissal of cause No. 3146 was for "a matter of form" under section 2480, Hemingway's Code. The same facts were involved in the former suit, the same deed of trust, the same trustee's sale attacked and the same land. It is true that there were other parties who were defendants to the first suit, other trustee sales were attacked, and title to other land was sought to be established. But everything involved in the present suit was involved in the former suit. Therefore the chancellor erred in dismissing the bill in the present case on the ground that it had been filed too late. *Young* v. *Walker,* 70 Miss. 813, 12 So. 542.

Where one has exercised a right to sue within the twelve month period, but has been non-suited and has within a reasonable time after non-suit commenced a second action in another court, such suit is timely. *Hollingsworth* v. *Shonland* (1924), (La.), 30 So. 613. Such seems to be the general holding almost everywhere although there is quite a conflict of authority and a good deal of vagueness on this particular point. See *Hewitt* v. *Steele,* 136 Mo. 827, 38 S. W. 82.

We call the attention of the court to the fact that the case at bar was instituted and was actually in the process of being tried when the former suit was dismissed. There is a great deal of difference as to what the second suit

shall contain in order to be maintainable within a year after the dismissal of the first suit but it is generally held to be sufficient if the same subject-matter is embraced within both suits and the same result is sought to be obtained. *Kenney* v. *Parks,* 137 Cal. 527, 70 Pac. 556; *Cox* v. *Strickland,* 120 Ga. 104, 47 S. E. 912.

Furthermore it seems to us that there has been in existence continued litigation against defendants herein since the 7th day of September, 1921, even under the law in Mississippi. The most recent case involving just this point seems to be *Hawkins, et al.* v. *Scottish Union & National Insurance Co.* (1915), 110 Miss. 23, 69 So. 710.

## II.

Even though the case at bar does not come under section 2480, of Hemingway's Code, still the institution of cause No. 3146 constituted a demand upon the appellees herein and tolled the running of all statutes of limitation, including ''statute relating to possession by mortgages after condition broken.'' The court will note that cause No. 3146 was instituted on the 7th day of September, 1921, and process was promptly served upon the appellees. The cause here at bar was filed on the 5th day of November 1921, and cause No. 3146 was not dismissed until the trial of the case at bar. In other words, demand was made upon the appellees for this property on the 7th day of September, 1921, and the land herein involved has been on the *lis pendens* docket from that day to this.

## III.

The court erred in holding that the defendant, Grenada Oil Mill, was the mortgagee in possession with condition broken of the property herein involved and had been such in undisputed possession for ten years first before the filing of the original bill in this cause and before any demand made, and in finding the defendants, Grenada Oil Mills, to be the only true and lawful owners

of the property herein involved, or of any part of said property.

The court erred in finding that the equities were against the complainants and that their rights, claims and interests to the property herein involved were barred by virtue of sections 2456, Hemingway's Code, section 3092 of the Code of 1906.

The mortgagee acquired no title to this property simply by the act of going into the possession of it and if he was going to acquire such title by adverse possession he had to hold adversely to the whole world, the trustee in the deed of trust included. If he did not hold adversely to the trustee continuously for the whole period of ten years, he could not be holding adversely to the mortgagors, appellants herein. While this point has never been decided in Mississippi it has been held that a beneficiary is barred when his trustee is and in *Nelson* v. *Ratliff* (1895), 72 Miss. 656, it was held that the statute of limitations began to run against a trustee from the time adverse possession is taken under a claim of ownership and, when he is barred, the beneficiaries he represents are barred. We think that, by implication, it is impossible to hold adversely to the beneficiary unless one holds at the same time adversely to the trustee.

Even if the appellee, Grenada Oil Mills, was a mortgagee in possession with conditions broken from September 19, 1911, with intention to claim the property herein involved adversely against all the world yet by having this property sold under the deed of trust herein involved and by attempting to purchase same at the foreclosure sale, it recognized the title then existing in the mortgagors, appellants herein, and attorned to the trustee and to the mortgagors, and at such time could not be claiming said property adversely and could not be holding said property as mortgagee in possession with condition broken. We cannot find that this point has ever been decided in Mississippi and the result of our extensive research has shown that it has been decided

only a few times in the United States. We have not found a single case in which it has been decided adversely to the contentions we are here making. 2 C. J., section 142; Jones on Mortgages, section 1170; *Calkins* v. *Isbell*, 20 N. Y. 147. To the same effect are *Robinson* v. *Fife*, 3 Ohio St. 551; *Johnson* v. *Dee Lancey*, 11 Johns. (N. Y.) 365; *Cutts* v. *York Mfg. Co.*, 18 Me. 140; and *Jackson* v. *Slater*, 5 Wend. (N. Y.) 295.

It is held in Mississippi that a vendee cannot hold adversely to his vendor until he gives notice of such adverse holding. *Cromwell* v. *Craft* (1872), 47 Miss. 44; *Moring* v. *Ables* (1884), 62 Miss. 263. It has also been held in this state that where, by the terms of a mortgage, the mortgagee is to take and keep possession of the mortgaged property and apply the rents, issues and profits to his debts until it is fully satisfied from that source, his possession will not become adverse, nor will the statute of limitations commence to run against the mortgagor until the debt secured by the mortgage is paid by the rents, profits, etc. *Anding* v. *Davis* (1860), 38 Miss. 574.

It is also a settled principle of law in Mississippi that a life tenant cannot hold adversely to the remaindermen without giving notice of such adverse holding. The effect of the purchase of the life tenancy by a claimant who is holding the whole title adversely throws an interesting light on the question in the case at bar. *Harvey* v. *Briggs* (1890), 68 Miss. 60.

It is to be noted in the case at bar that the attempted foreclosure sale herein involved took place within less than two months after the appellee, Grenada Oil Mills, claims to have entered into possession as mortgagee with conditions broken. The appellee says that such possession was adverse against all the world, yet the record shows, as stated above, that the trustee in the deed of trust herein involved signed a notice on September 19, 1911, of the sale which was afterwards attempted to be made on the 6th day of November, 1911. This is

the very day that the appellee, Grenada Oil Mills, says it went into possession as mortgagee with conditions broken and held such possession adversely against all the world.

We submit that this was a direct attornment to the mortgagors, appellants herein, and that no adverse possession of the mortgagee, Grenada Oil Mills, or its grantees, can have any weight in this case except such possession as they have held from the 6th day of November, 1911.

*Caldwell & Caldwell*, for appellee.

There might be some reason why section 3116, Mississippi Code 1906, section 2480, Hemingway's Code, might be invoked in this case in order to save the rights of appellants, if they had brought themselves within its provisions.

But we submit that the appellants have not brought themselves within the saving provisions of this section. There has never been any abatement or dismissal of the Cause No. 3146 filed September 7, 1921, no order of the court taken dismissing the bill, nor does it appear what was involved in the first suit, or the parties thereto, except by the assertions in counsel's brief which we submit does not make up the record of this cause. The only reference in the record before the chancellor was the statement of counsel that the suit filed September 7, 1921, had been abandoned, and the docket entries were introduced solely for the purpose of showing that a demand had been made on the appellee for the possession of the property embraced in this suit. If the court will examine the record, it will be readily seen that only the entries on the docket were sought to be introduced, and these entries do not show what property was involved and the names of all parties. It is true the docket styles the case "*C. G. Cossar, et al. v. Grenada Oil Mills, et al.*" but this is far from showing that the same parties, the

same property or the same issues were involved. Counsel in seeking to introduce the docket entries said: "Our purpose in introducing this is to show by this docket that this suit has never been dismissed, and it is the same property." Counsel for appellee immediately replied that he would "file a plea in abatement" and then followed the statement of counsel for appellants that the case has been abandoned" as stated by the court. The docket entries introduced by counsel did not show the property involved, neither did it show that appellee had been legally served with process as the return shows "summons on Grenada Oil Mills by telephone to J. C. Perry, President of the Corporation and copy." We submit that this kind of service was void and even actual notice is not sufficient to make a party \defendant to a suit. *Burns* v. *Burns,* 133 Miss. 491, 9 R. C. L. 409-11.

We do not understand why counsel say in their brief "that the case at bar was instituted and was actually in the process of being tried when the former suit was dismissed," when the record is as silent as the grave as to the "dismissal" of any suit, and as a matter of fact the case has never been dismissed of record. The statement to the court in the trial of the case at bar that "the case has been abandoned" is the only record before this court.

We find no objections to the authorities referred to by counsel and extended quotations therefrom in support of section 3116, Code 1906, section 2480, Hemingway's Code, but we do take issue as to whether there is anything in this case to bring it under the provisions of this section. We are inclined to think that the case of *Crane* v. *French,* 38 Miss. 503, is more in point. In that case there was an abatement of the suit on account of the death of the defendant before service of process and the contention was that the filing of the suit stopped the running of the statute of limitations under a section of Hutchinson's Code similar to section 3116. In many things it is similar to the contentions in the case at bar.

138 Miss.—57.

At page 529 it was held that the rule is firmly established in this state that no equitable exceptions are to be engrafted upon the statute of limitations and that the court cannot create one where the statute does not. That by the terms of the Act granting one year after ''arrest or reversal of judgment, etc.'' the case was not in its provisions.

We contend that when the former case was abandoned, all rights were relinquished and that the present suit is in no sense a continuation thereof, or in any way connected therewith. The record in this case shows no connection whatever and all the statements in counsel's brief cannot put one word in the record that they failed to put there by witnesses duly sworn and heard by the court below.

WAS THE APPELLEE A MORTGAGEE IN POSSESSION? Section 3092, Mississippi Code 1906, Hemingway's Code, section 2456. Possession of land is acquired by an entry on it with the intention to possess it, and is lost by leaving it with the intention to abandon it. *Harper* v. *Tapley,* 35 Miss. 506.

Cossar left the property and never returned to assert any claim to it for over ten years, and Roberson took employment under and accepted pay from the appellee to run the very machinery that he now claims was his all the time. We submit that such a course of action is inconsistent with a valid claim of ownership. Surely the equities are with the appellee. This possession of the appellee was not interrupted until November 5, 1921, the date of the filing of the suit at bar, unless the filing of Cause ''No. 3146, *C. G. Cossar, et al.* v. *Grenada Oil Mills, et al.''* can be said to have been an interruption on September 7, 1921.

Furthermore, the mere recovery of a judgment will not of itself stop the statute of limitations. There must be an actual change of possession by virtue of such judgment. 1 Cyc. 1019, *Marin* v. *Hall,* 152 Ky. 677; L. R. A. 1918 A, 1041, note.

DID THE APPELLEE HAVE POSSESSION OF THE PROPERTY CLAIMING ADVERSELY TO THE APPELLANTS FOR A PERIOD OF TEN YEARS BEFORE THE FILING OF THIS SUIT? We submit that all the positive testimony in this case shows this to be true. Even if the trustee held the property adversely to other claimants, his adverse possession inures to the benefit of the *cestui que trust.* 2 C. J. 75.

Conceding there was a conflict in the evidence before the court below, no one will deny that where there is a conflict in a case depending on facts, where no legal questions are involved, and where the mind cannot repose with entire confidence and certainly upon a conclusion in favor of either party, the action of the court below will not be disturbed. *Kemp* v. *Turman,* 104 Miss. 501.

Argued orally by *Phil. Stone,* for appellant, and *J. H. Caldwell,* for appellee.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a decree dismissing a bill, wherein the complainant seeks to set aside a sale of land made under a deed of trust and for an accounting from the purchaser thereat. In April, 1909, the appellants executed a deed of trust to the appellee on the land here in question, to secure an indebtedness due from them to the appellee. In September, 1911, default having been made in the payment of the debt secured by the deed of trust, the appellants surrendered the land covered thereby to the appellee, which immediately entered into and has since continued in the possession thereof. Soon thereafter the trustee in the deed of trust advertised the land for sale under the deed of trust, and sold it pursuant thereto on the 6th day of November, 1911; the appellee becoming the purchaser thereat. On November 5, 1921, the appellants brought this suit to set aside the sale under the deed of trust and for an accounting by the appellee for rents and profits, offering to pay whatever sum might be found due on the indebtedness secured by the deed of trust.

The sale under the deed of trust is admittedly defective, and the appellee's defense is the statutes of limitations and adverse possession; that is, that it had been in possesion of the land more than ten years when this suit was begun. The appellee obtained possession of the land in the latter part of September, 1911, and therefore had been in possession of the land more than ten years when the suit was begun on November 5, 1921.

The appellant claims that the continuity of the appellee's possession and the running of the statute of limitation was broken, and was not continuous for ten years for two reasons: First, because a former action for the same cause as that here sued on was commenced by the appellants within the time allowed therefor, and was dismissed for matter of form after the present suit was begun; second, that the foreclosure of the deed of trust by the trustee therein at the request of the appellee, on the 6th day of November, 1911, was an acknowledgment of the appellants' title to the land and of their right to redeem it, and consequently the ten years in which this suit can be brought must be computed from that date.

The general docket of the court below was introduced, from which it appears that a suit was then pending wherein C. G. Cossar et al. were complainants, and the appellee and H. J. Ray, trustee, were defendants. No part of the record in the case was introduced, so it does not appear from the evidence that the cause of action therein sued on was the same as that here. No order dismissing this suit was introduced, but counsel for the appellant stated that it had been abandoned. Section 3116, Code of 1906 (section 2480, Hemingway's Code), provides that:

"If in any action, duly commenced within the time allowed, the writ shall be abated, or the action otherwise avoided or defeated, by the death of any party thereto, or for any matter of form, or if, after verdict for the plaintiff, the judgment shall be arrested, or if a judgment for the plaintiff shall be reversed on appeal, the

plaintiff may commence a new action for the same cause, at any time within one year after the abatement or other determination of the original suit, or after reversal of the judgment therein,'' etc.

Leaving out of view the fact that the suit here relied on to prevent the bar of the statute of limitation was not dismissed but was still pending, the evidence relative thereto is insufficient to bring it within the statute, for it does not appear that the suit was on the same cause of action as is the one here.

It may be that at common law, as contended by the appellants, the sale of the land under the deed of trust given thereon by the appellants was an admission of their title thereto and their right to redeem it, and therefore, except for the statute hereinafter set forth, the time within which the appellants have to redeem the land should be computed from the date of that sale, as to which we express no opinion.

Section 3092, Code of 1906 (Hemingway's Code, section 2456), provides that:

''When a mortgagee, after condition broken, shall obtain the actual possession or receipt of the profits or rent of land embraced in his mortgage, the mortgagor, or any person claiming through him, may not bring a suit to redeem the mortgage but within ten years next after the time at which the mortgagee obtained such possession or receipt, unless in the meantime an acknowledgment of the title of the mortgagor, or of his right of redemption, shall have been given in writing, signed by the mortgagee, or the person claiming through him; and in such case a suit may not be brought but within ten years next after the time at which such acknowledgment, or the last of such acknowledgments, if more than one, was given; but such acknowledgment shall be effectual only as against, and to the extent of the interest of the party signing it.''

Under this statute, the only acknowledgment of the appellant's title to the land that will toll the statute of limi-

tation is one in writing, signed by the appellee, and none such is here claimed to have been made.

*Affirmed.*