## W. T. RALEIGH CO. v. BARNES et al.*

(Division A.   May 31, 1926.   Suggestion of Error Overruled June 21,
1926.)

[109 So. 8.   No. 25771.]

ON SUGGESTION OF ERROR.

1.  LIMITATION OF ACTIONS.
    Order, dismissing suit which was begun before it was barred by
    limitations, with nothing indicating it was mere abatement, or
    that dismissal was for any matter of form, *held* not to bring
    case within Code 1906, section 3116 (Hemingway's Code, section
    2480), authorizing new action within one year thereafter.

2.  DISMISSAL AND NONSUIT.
    Only effect of words "without prejudice" in order dismissing suit is
    to prevent dismissal in operating in any suit which plaintiff
    might desire to bring on same cause of action.

*Corpus Juris-Cyc References:   Dismissal and Nonsuit, 18CJ, p.
1201, n. 1; Limitation of Actions, 37CJ, p. 1083, n. 43.

APPEAL from circuit court of Winston county.

HON. W. W. MAGRUDER, Special Judge.

Suit by the W. T. Raleigh Company against J. T.
Barnes and others.   Judgment for defendants, and plain-
tiff appeals.   Affirmed.

PER CURIAM.   Judgment affirmed.

## ON SUGGESTION OF ERROR.

*R. W. Boydstun* and *L. H. Hopkins,* for appellant.

The error of sustaining the plea of the statute of limitations by the trial court was caused by inaccurate and confused use of terms in argument. The counsel for defendants, appellees here, argued that the plaintiff had taken a nonsuit in 1924. It is agreed by counsel and is in evidence that the case now before the court is identical with the suit dismissed in January, 1924.

We submit to the court that the motion and the judgment conclusively show that the first, or original suit, was dismissed in the court below because of a supposed misjoinder. The question of misjoinder was raised by the same motion in the lower court in this cause and, with a different judge presiding, the motion was contested, and such an array of authority presented to the trial court on the point until defendants below failed to note an exception to the order of court overruling their motion. Section 2480, Hemingway's Code (section 3116, Code of 1906) provides for just such a case as this.

We think the question of law here raised, if it were not settled by the statute above cited, is settled in *Hawkins* v. *Scottish, etc., Ins. Co.,* 110 Miss. 23, 69 So. 710.

We think it was error to dismiss this cause at first on account of nonjoinder of, or misjoinder, parties, and after plaintiff below, appellant here, had suffered that injury it is certainly error to deny him the right to come back into circuit court to have his injuries remedied.

The principle of law that appellant here contends for is recognized in *Cossar* v. *Grenada Oil Mill,* 103 So. 509.

*Z. A. Brantley,* for appellees.

The case came on to be heard at the January term of the circuit court of Winston county upon a plea in

bar to plaintiff's right of action to recover, filed by the defendants, pleading the statute of limitation, which was sustained, a jury being waived by both sides.

The one question is whether the trial court was correct in sustaining the defendant's plea in bar. The order or judgment entered by the trial court in sustaining defendant's plea in bar recites among other things, as follows: "Both sides being in court and announcing ready for trial, and a jury being waived by both sides, and evidence submitted to the court, after hearing and understanding the evidence, the court finds that said action is barred by the statute of limitations as to J. T. Barnes and P. H. Edwards, and said plea in bar is sustained."

Section 2461, Hemingway's Code, requires all actions based upon a written contract to be filed within six years, and not after. The plea in bar pleading the statute of limitation was filed on January 26, 1926, which plea was sustained by the court on January 28, 1926.

We submit, therefore, from the record here presented that the trial court was eminently correct.

SMITH, C. J., delivered the opinion of the court.

The appellant was denied a recovery in the court below on the ground that its cause of action was barred by the statute of limitation. This was its second suit on this cause of action against the appellees. The first was begun before the bar of the statute attached, but was dismissed by an order reading as follows:

"This cause came on to be heard on motion to dismiss said cause, the motion is sustained, and cause dismissed without prejudice, with cost on the plaintiff, for which let execution issue."

The second suit, the one here on appeal, was begun within one year after the dismissal of the first. The grounds on which counsel for the appellant contend that this second suit can be maintained are:

First, it is within the provisions of section 3116, Code of 1906 (Hemingway's Code, section 2480), which is as follows:

"If in any action, duly commenced within the time allowed, the writ shall be abated, or the action otherwise avoided or defeated, by the death of any party thereto, or for any matter of form, or if, after verdict for the plaintiff, the judgment shall be arrested, or if a judgment for the plaintiff shall be reversed on appeal, the plaintiff may commence a new action for the same cause, at any time within one year after the abatement or other determination of the original suit, or after reversal of the judgment therein.". . .

Second, that the appellant's right to institute another suit was expressly reserved to it by the provision in the order by which the first suit was dismissed that the dismissal should be "without prejudice."

When the case was tried by this court, both of these contentions were overruled, and counsel for the appellant now suggests that we erred in so doing.

The motion on which the first suit was dismissed does not appear in the record, and there is nothing in the order of dismissal indicating that it was a mere abatement of the action, or that the dismissal was "for any matter of form," but in an agreement of counsel the dismissal is referred to as a nonsuit. The statute invoked, therefore, can afford the appellant no relief.

The only effect of the words "without prejudice" in the order by which the first suit was dismissed is to prevent the dismissal of that suit in operating as a bar to any new suit which plaintiff might therefore desire to bring on the same cause of action. 34 Cyc. 894; *Cole* v. *Fagan,* 108 Miss. 100, 66 So. 400. The dismissal of a suit without prejudice "does not deprive the defendant of any defense he may be entitled to make to the new suit, nor confer any new right or advantage on the complainant [plaintiff], and hence it will not have the effect of excepting from the period prescribed by the statute of

limitations, the time during which that suit was pending." *Nevitt* v. *Bacon,* 32 Miss. 212, 66 Am. Dec. 609.

The cases of *Hawkins* v. *Scottish Union & National Insurance Co.,* 110 Miss. 23, 69 So. 710, and *Cossar* v. *Grenada Oil Co.,* 138 Miss. 890, 103 So. 509, relied on by counsel for appellant, are not here in point.   In the first the former suit was dismissed for matter of form, and in the second it not only did not appear that the former suit had been dismissed, but it also did not appear that the former suit was on the same cause of action on which the second was being prosecuted.

The case of *La Follette Coal, Iron & Ry. Co.* v. *Minton,* 117 Tenn. 415, 101 S. W. 178, 11 L. R. A. (N. S.) 478, and *Harrison* v. *Remington Paper Co.,* 140 F. 385, 72 C. C. A. 405, 3 L. R. A. (N. S.) 954, 5 Ann. Cas. 314, are also not here in point.   The statute on which the first was decided provides that—"If the action is commenced within the time limited, but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action."   Shannon's Ann. Code of Tennessee 1917, section 4446, p. 4535.

And the pertinent provision in the statute on which the second was decided is:

"If the plaintiff fail in such action otherwise than upon the merits."   Revised Statutes of Kansas Ann. 60-311.

A nonsuit or a dismissal without prejudice is, of course, within both of these statutes, but under our statute the dismissal must be for a matter of form, and, as hereinbefore stated, it does not appear that the appellant's prior suit was dismissed for that reason.

The request of counsel that the case be remanded to the docket for oral argument must be denied.

Suggestion of error will be overruled.

*Overruled.*