# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2001-IA-01817-SCT

*JACKPOT MISSISSIPPI RIVERBOAT, INC. d/b/a*
*PRESIDENT CASINO AT KING'S LANDING*

*v.*

*FREDDIE J. SMITH AND GERALD RICHARDSON*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/31/2001 |
| TRIAL JUDGE: | HON. KENNETH L. THOMAS |
| COURT FROM WHICH APPEALED: | TUNICA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ROBERT H. PEDERSEN |
| ATTORNEYS FOR APPELLEES: | DANA J. SWAN |
| | GARY JAMES MITCHUSSON |
| NATURE OF THE CASE: | CIVIL - TORTS-OTHER THAN PERSONAL INJURY & PROPERTY DAMAGE |
| DISPOSITION: | REVERSED AND RENDERED - 06/03/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**COBB, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     In this appeal, we consider whether the trial court erred in denying summary judgment where, it is asserted, that an action otherwise time barred falls under the "savings clause" of Miss. Code Ann. § 15-1-69 (Rev. 2003).  Finding that the dismissal of a stale case is not a dismissal as "a matter of form," we reverse and render.

**FACTS AND PROCEEDINGS BELOW**

¶2.     In 1994, Dennis Gaston, an employee of the Jackpot Mississippi Riverboat, Inc., d/b/a President Casino at King's Landing (President Casino), filed criminal affidavits against Freddie J. Smith and Gerald Richardson alleging various violations of the Mississippi Gaming Control Act.  On September 21, 1994, the charges against Smith and Richardson were dismissed when certain witnesses failed to appear in court. On July 7, 1995, Smith and Richardson filed Civil Action No. 95-0148 (1995 complaint) against the President Casino and Dennis Gaston, charging malicious prosecution.  Over four years later, on April 7, 2000, the civil action was dismissed without prejudice pursuant to M.R.C.P. 41(d)(1) for "want of prosecution."

¶3.     On March 30, 2001, Smith and Richardson filed another complaint, Civil Action No. 2001-0097 (2001 complaint) against President Casino and Gaston, alleging the same claims made in the 1995 complaint.  To this complaint, President Casino affirmatively answered that the 2001 complaint was time barred by the one-year statute of limitation in Miss. Code Ann. § 15-1-35 (Rev. 2003).  President Casino then filed a motion for summary judgment.  Smith and Richardson responded that the 2001 complaint was not time barred, asserting that the claim was "saved" from the expiration of the statute of limitation by Miss. Code Ann. § 15-1-69.  The trial court denied the motion for summary judgment and certified the statute of limitations issue for interlocutory appeal.  We, in turn, granted permission to bring this interlocutory appeal. *See* M.R.A.P. 5.

**ANALYSIS**

¶4.     This Court applies a de novo standard of review when deciding issues of law. ***Wayne Gen. Hosp. v. Hayes***, 868 So.2d 997, 1000 (Miss. 2004); ***ABC Mfg. Corp. v. Doyle***, 749 So.2d 43, 45 (Miss. 1999). The "application of a statute of limitations is a question of law." ***Sarris v. Smith***, 782 So.2d 721,

723 (Miss. 2001). Our appellate standard for reviewing the grant or denial of summary judgment is the same standard as that of the trial court under Rule 56(c) of the Mississippi Rules of Civil Procedure. *Heigle v. Heigle*, 771 So.2d 341, 345 (Miss. 2000). This Court employs a de novo standard of review of a lower court's grant or denial of summary judgment and the evidence must be viewed in the light most favorable to the party against whom the motion has been made. *Miss. Dep't of Wildlife, Fisheries & Parks v. Miss. Wildlife Enforcement Officers' Ass'n, Inc*., 740 So.2d 925, 929-30 (Miss. 1999); *McCullough v. Cook*, 679 So.2d 627, 630 (Miss. 1996) (citing *Mantachie Natural Gas Dist. v. Miss. Valley Gas Co.*, 594 So.2d 1170, 1172 (Miss. 1992); *Clark v. Moore Mem'l United Methodist Church*, 538 So.2d 760, 762 (Miss. 1989)).

¶5.     Smith's and Richardson's malicious prosecution claim ripened on September 21, 1994, the day that the trial court dismissed the charges filed against them by Dennis Gaston. A claim for malicious prosecution is subject to the one-year statute of limitations in § 15-1-35. *City of Mound Bayou v. Johnson*, 562 So.2d 1212, 1218-19 (Miss. 1990). Smith and Richardson filed their "first" complaint for malicious prosecution on July 7, 1995, a little more than two months shy of the expiration of the statute of limitations. *Norman v. Bucklew*, 684 So.2d 1246, 1256 (Miss. 1996) (holding that the statute of limitations is tolled during a malicious prosecution suit when a timely complaint is filed).

¶6.     On April 7, 2000, Smith's and Richardson's first complaint was dismissed for want of prosecution. On June 21, 2000, the one-year statute of limitation expired on this claim. Hence, when Smith and Richardson filed the "second" malicious prosecution complaint on March 30, 2001, the action was time barred. Smith and Richardson, however, claim that their second suit is "saved" by Miss. Code Ann. § 15-1-69 (Rev. 2003), which states:

> If in any action, duly commenced within the time allowed, the writ shall be abated, or the action otherwise avoided or defeated, by the death of any party thereto, or **for any matter of form**, or if, after verdict for the plaintiff, the judgment shall be arrested, or if a judgment for the plaintiff shall be reversed on appeal, the plaintiff may commence a new action for the same cause, at any time within one year after the abatement or other determination of the original suit, or after reversal of the judgment therein, and his executor or administrator may, in case of the plaintiff's death, commence such new action, within the said one year.

(Emphasis added). They argue that the dismissal of the 1995 complaint constituted a dismissal "as a matter of form," and since they filed the 2001 complaint within one year of the dismissal, their suit is not barred by the statute of limitations. President Casino argues that dismissal of a stale case is not dismissal "as a matter of form" and therefore is not saved under § 15-1-69.

¶7. The Casino is correct. This Court has held that "the 'saving statute' does not apply to dismissal of cases as stale." ***Deposit Guar. Nat'l Bank v. Roberts***, 483 So.2d 348, 354 (Miss. 1986). In ***Roberts***, the bank appealed two dismissed judgments against a judgment debtor as stale. *Id*. at 349. After the trial court granted a motion to reinstate, the defendant moved to set aside the reinstatement, claiming that the statute of limitations had expired during the interval between the dismissal and the order of reinstatement. The bank appealed, asserting that § 15-1-69 "saved" the action. *Id*. at 350. This Court affirmed the dismissal and, after an analysis of the savings statute, held that "[t]he dismissal of a case as a stale case is not a dismissal for a 'matter of form'" and that the "'saving statute' does not apply to dismissal of cases as stale." *Id*. at 354.

¶8. Therefore, we find that Smith's and Richardson's argument is without merit. We also find no merit in their argument that the outcome should be different where their malicious prosecution suit was dismissed *without prejudice* rather than *with prejudice*. *See* ***W.T. Raleigh Co. v. Barnes***, 143 Miss. 597, 109 So. 8 (1926). The decision of the trial court is reversed, and we hereby hold that the 2001 complaint,

4

filed by Smith and Richardson, is barred by the statute of limitations. Thus, the circuit court erred as a matter of law in denying President Casino's and Gaston's motion for summary judgment.

## CONCLUSION

¶9.     We reverse the trial court's order denying summary judgment in favor of President Casino and Dennis Gaston, and we render judgment here in favor of Jackpot Mississippi Riverboat, Inc., d/b/a President Casino at King's Landing, finally dismissing with prejudice Smith's and Richardson's complaint and Civil Action No. 2001-0097 as barred by the applicable one-year statute of limitations.

¶10.    **REVERSED AND RENDERED.**

**SMITH, C.J., WALLER, P.J., CARLSON, GRAVES, DICKINSON AND RANDOLPH, JJ., CONCUR. EASLEY, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. DIAZ, J., NOT PARTICIPATING.**