CARLTON, J.,
 

 for the Court.
 

 ¶ 1. Wrongful death beneficiaries filed two actions in the Circuit Court of Scott County against the defendant railway company and its employees. The first was removed to federal court where it was voluntarily dismissed without prejudice. The second case, now on appeal, was filed following the dismissal of the first. Upon motion of the railway company, the circuit court dismissed the beneficiaries’ second action as barred by the statute of limitations. On appeal, the beneficiaries argue that their case falls within the protection of Mississippi Code Annotated section 15-1-69 (Rev.2003), and that the trial court erred in dismissing their case as time-barred. We find no error and affirm.
 

 FACTS
 

 ¶ 2. On July 10,1998, Lucy Shepard died in a Scott County railroad crossing accident when the vehicle in which she was driving collided with a freight train owned and operated by the Kansas City Southern Railways Company (KCS). Phyllis B. McKee, a passenger in the automobile driven by Shepard, survived but sustained injuries in the accident. Merlean Marshall, Alphonzo Marshall, and Eric Shepard, individually and on behalf of all the wrongful death beneficiaries of Shepard (collectively “the Shepard Beneficiaries”), filed two wrongful death suits in the Circuit Court of Scott County, the second of which is the subject of this appeal. McKee also brought a negligence action against KCS in Mississippi state court. The relevance of McKee’s case will be explained in the discussion below.
 

 Shepard I.
 

 ¶ 3. On July 20, 1998, the Shepard Beneficiaries filed suit in the Circuit Court of Scott County asserting that Shepard was negligently killed by KCS. The complaint named as defendants KCS, as well as three of its Mississippi employees, Eric W. Robinson, the estate of Robert E. Everett, and C.L. Duett (collectively “the Defendants”). During discovery, the Defendants served requests for admission on the
 
 *267
 
 Shepard Beneficiaries seeking an admittance that they had no evidence to support their claims against the Mississippi resident defendants. The Shepard Beneficiaries failed to respond timely to the requests for admission and the defendants removed the action to the United States District Court for the Southern District of Mississippi alleging that the Mississippi resident defendants were fraudulently joined in the action solely to defeat diversity jurisdiction.
 

 ¶ 4. The Shepard Beneficiaries filed a motion to remand in the district court. Upon finding that no cause of action could be established against the Mississippi resident defendants, the district court denied the motion to remand and dismissed the non-diverse defendants. The Shepard Beneficiaries attempted to obtain interlocutory review of the denial of their motion to remand by the United States Court of Appeals for the Fifth Circuit. However, the appeal was dismissed for lack of jurisdiction as the district court’s order was not certified under Federal Rule of Civil Procedure 54(b).
 

 ¶ 5. Meanwhile, McKee’s action had proceeded to trial in the United States District Court for the Southern District of Mississippi following the same procedural pathway as the instant case; the state court action was removed and the non-diverse defendants were dismissed from the case. In the
 
 McKee
 
 case, which involved the same accident, driver, and railroad defendant, the jury returned a verdict in favor of KCS.
 
 See McKee v. Kansas City S. Ry.,
 
 281 F.3d 1279 (5th Cir.2001). Upon learning of the jury’s verdict in
 
 McKee,
 
 the Shepard Beneficiaries filed a motion for entry of final judgment in favor of the Defendants. This motion sought to operate under Federal Rule of Civil Procedure 54 and pointed out that the
 
 McKee
 
 case had recently been decided in favor of KCS and that the judgment in
 
 McKee
 
 was binding upon the Shepard Beneficiaries in their case. After a hearing on the motion, the district court, by order dated September 30, 2003, granted the Shepard Beneficiaries’ motion as one for voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2). The order of dismissal did not specify whether the dismissal was with or without prejudice. The Shepard Beneficiaries then filed a notice of appeal in order to challenge the denial of their motion to remand. On August 4, 2004, the Fifth Circuit Court of Appeals dismissed this appeal for lack of jurisdiction finding that the district court’s order of dismissal was a dismissal without prejudice because the order did not specify otherwise; therefore, the order lacked the requisite finality to confer appellate jurisdiction.
 
 Marshall v. Kansas. City S. Ry.,
 
 378 F.3d 495, 499-500 (5th Cir.2004).
 

 Shepard II.
 

 ¶ 6. On August 16, 2004, the Shepard Beneficiaries filed the instant action against the Defendants in the Circuit Court of Scott County. The case was again removed but later remanded based upon the district court’s finding that there was evidence to support a claim against the Mississippi resident defendants.
 
 [1]
 
 The Defendants then filed a motion for summary judgment claiming that the Shepard Beneficiaries’ claims were time-barred. After a hearing on the motion, the circuit court dismissed the case finding that the statute of limitations had run. The court also determined that the statute of limitations was not tolled during the pendency of
 
 *268
 

 Shepard I
 
 because the Shepard Beneficiaries’ voluntary dismissal was without prejudice.
 

 DISCUSSION
 

 ¶ 7. We review a lower court’s grant or denial of summary judgment de novo, viewing the evidence “[i]n the light most favorable to the party against whom the motion was made.”
 
 Jackpot Miss. Riverboat, Inc. v. Smith,
 
 874 So.2d 959, 960(¶ 4) (Miss.2004).
 

 ¶ 8. The Shepard Beneficiaries’ action was subject to the three-year statute of limitations found in Mississippi Code Annotated section 15-1-49(1) (Rev.2003).
 
 Shepard I
 
 was filed in state court on July 20, 1998, ten days after the cause of action arose. Thus, absent tolling or saving, the statute of limitations expired on July 20, 2001. The instant action was filed in state court on August 16, 2004, well outside of the three-year statute of limitations.
 

 1. Savings Statute
 

 ¶ 9. The Shepard Beneficiaries argue that Mississippi Code Annotated section 15-1-69 (the savings statute) applies to their situation, and them second action is not time-barred because they had an additional year from the dismissal of
 
 Shepard I
 
 in which to re-file their action. They cite
 
 Boston v. Hartford Acc. & Indem. Co.,
 
 822 So.2d 239 (Miss.2002), and
 
 Norman v. Bucklew,
 
 684 So.2d 1246 (Miss.1996) as controlling and argue that a voluntary dismissal without prejudice of a prior case in federal court is within the protections of the savings statute. The Defendants contend that the Shepard Beneficiaries voluntarily dismissed their complaint in
 
 Shepard I
 
 and, as a result, the savings statute is not applicable.
 
 W.T. Raleigh Co. v. Barnes,
 
 143 Miss. 597, 109 So. 8 (1926).
 

 ¶ 10. We begin our analysis of this issue with the savings statute itself, which provides as follows:
 

 If in any action, duly commenced within the time allowed, the writ shall be abated, or the action otherwise avoided or defeated, by the death of any party thereto, or
 
 for any matter of form,
 
 or if, after verdict of the plaintiff, the judgment shall be arrested, or if a judgment for the plaintiff shall be reversed on appeal, the plaintiff may commence a new action for the same cause, at any time within one year after the abatement or other determination of the original suit, or after reversal of the judgment therein, and his executor or administrator may, in case of the plaintiffs death, commence such new action, within the said one year.
 

 Miss.Code Ann. § 15-1-69 (emphasis added). In the instant case it is beyond dispute that the first lawsuit was timely commenced and that the instant case is for the same cause of action. Our inquiry thus turns on whether the termination of
 
 Shepard
 
 I — a voluntary dismissal without prejudice — falls within the statutory language that “the writ shall be abated, or the action otherwise avoided or defeated ... for any matter of form.”
 
 Id.
 

 ¶ 11. The jurisprudential rationale of our savings statute was addressed in
 
 Ryan v. Wardlaw,
 
 382 So.2d 1078, 1080(¶ 6) (Miss.1980), wherein the court explained that:
 

 [Section 15-1-69] is a highly remedial statute and ought to be liberally construed for the accomplishment of the purpose for which it was designed, namely, to save one who has brought his suit within the time limited by law from loss of his right of action by reason of accident or inadvertence....
 

 (quoting
 
 Tompkins v. Pacific Ins. Co.,
 
 53 W.Va. 479, 44 S.E. 439, 441 (1903)). An
 
 *269
 
 early supreme court case explained that “[w]here the plaintiff has been defeated by some matter not affecting the merits, some defect or informality, which he can remedy or avoid by a new process, the statute shall not prevent him from doing so, provided he follows it promptly, by suit within a year.”
 
 Hawkins v. Scottish Union & Nat’l Ins. Co.,
 
 110 Miss. 23, 31, 69 So. 710 (1915) (citations omitted). As a voluntary dismissal without prejudice under Rule 41(a)(2) is not an adjudication on the merits,
 
 [2]
 
 logic suggests, at first blush, that the savings statute applies to such a termination of the action.
 

 ¶ 12. However, subsequent to
 
 Hawkins,
 
 our supreme court addressed an issue similar to that of the instant case in
 
 W.T. Raleigh Co. v. Barnes,
 
 143 Miss. 597, 109 So. 8 (1926). The
 
 Barnes
 
 court held that a voluntary
 
 nonsuit
 
 without prejudice, although a failure otherwise than on the merits, is not a dismissal “as a matter of form” under section 15-1-69.
 
 Bames,
 
 143 Miss. at 601, 109 So. at 9. We find that a voluntary nonsuit is substantially similar to a Rule 41(a)(2) voluntary dismissal. Therefore, we interpret the holding of
 
 Barnes
 
 to apply equally to a Rule 41(a)(2) voluntary dismissal without prejudice. We find
 
 Barnes
 
 to be controlling on this issue and hold that the voluntary dismissal of
 
 Shepard I
 
 does not invoke the protection of the savings statute.
 

 ¶ 13. We disagree with the Shepard Beneficiaries’ contention that a voluntary dismissal without prejudice of a prior case in federal court is within the protection of the savings statute. In
 
 Boston,
 
 the plaintiffs filed suit in federal court alleging federal and state law claims.
 
 Boston,
 
 822 So.2d at 242-43. The district court dismissed the plaintiffs’ federal claims with prejudice and dismissed the plaintiffs’ state law claims without prejudice.
 
 Id.
 
 When the plaintiffs sought to re-file their state law claims in state court, the defendants raised the statute of limitations as a defense and the state court dismissed the plaintiffs’ claims.
 
 Id.
 
 On appeal, our supreme court reversed the lower court’s finding that Boston’s state law claims were time-barred.
 
 Id.
 
 at 248. In reaching this holding, the
 
 Boston
 
 court quoted
 
 Norman
 
 for the proposition that the filing of federal court claims “[tjolled the statute of limitations [of state law claims] when pendent jurisdiction was invoked.”
 
 Id.
 
 (quoting
 
 Norman,
 
 684 So.2d at 1256).
 

 ¶ 14. We do not find the instant case to fit within the holdings of
 
 Boston
 
 and
 
 Norman.
 
 Neither case applied the savings statute in reaching its decision. Although not expressly stated in
 
 Boston
 
 or
 
 Norman,
 
 it appears that these decisions were based upon 28 U.S.C. section 1367(d), which provides that the statute of limitations for claims over which the federal courts have supplemental jurisdiction are tolled during the pendency of a federal action where the federal court declines to exercise supplemental jurisdiction over those claims and dismisses them without prejudice.
 
 [3]
 
 The Shepard Beneficiaries do not contend that section 1367(d) applies to their case. However, in the interest of explanation only, we will briefly address the issue. We find that the instant case is distinguishable
 
 *270
 
 from
 
 Boston
 
 and
 
 Norman
 
 and does not invoke the protection of section 1367(d) because the claims asserted against the Mississippi resident defendants were subject to original federal jurisdiction pursuant to 28 U.S.C. section 1832, which provides that the federal courts have original jurisdiction of all civil
 
 actions
 
 between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Thus, unlike
 
 Boston
 
 and
 
 Norman,
 
 the claims refiled in the instant case were subject to original federal jurisdiction as opposed to supplemental jurisdiction and, therefore, not subject to the tolling provision of section 1367(d).
 

 ¶ 15. We find further distinction between the instant case and
 
 Boston
 
 and
 
 Norman
 
 in the voluntariness of the dismissals. The dismissal in
 
 Norman
 
 and
 
 Boston
 
 may fairly be characterized as an involuntary dismissal. Had
 
 Norman
 
 and
 
 Boston
 
 addressed the savings statute they likely would have found that the dismissals there at issue were involuntary dismissals for lack of jurisdiction and thus a dismissal “for a matter of form” under Mississippi Code Annotated section 15-1-69.
 
 See Frederick Smith Enterprise Co. v. Lucas,
 
 204 Miss. 43, 36 So.2d 812, 814 (1948). Conversely, the dismissal in the instant case was a voluntary dismissal which does not invoke the protection of the savings statute under
 
 Barnes,
 
 a case we find to have more squarely addressed the issue presented in this appeal.
 

 2. Mississippi Code Annotated section 15-1-57
 

 ¶ 16. The Shepard beneficiaries argue that section 15-1-57 excepted from the period of limitations the time during which
 
 Shepard I
 
 was pending in federal court. However, they did not assert this claim in the proceedings below. “We do not consider issues raised for the first time on appeal.”
 
 Jones v. Fluor Daniel Servs. Corp.,
 
 959 So.2d 1044(15) (Miss.2007). Therefore, we decline to address this issue.
 

 CONCLUSION
 

 ¶ 17. We are mindful that the Shepard Beneficiaries were not in federal court of their own choosing and that they sought to have
 
 Shepard I
 
 dismissed with prejudice under Rule 54 in order to appeal the denial of their motion to remand, yet instead received a Rule 41(a)(2) dismissal. We are also sympathetic that, as a result of the district court’s ruling, the Shepard Beneficiaries fell into a procedural trap in which they were unable either to have their claims heard on appeal to the Fifth Circuit, or to re-file them in state court.
 

 ¶ 18. While prior Mississippi case law pertaining to the issue presented in this appeal is sparse, and the guidance extractable therefrom is limited, we find that precedent strongly suggests that a voluntary dismissal without prejudice does not fall within the protection of section 15-1-69.
 
 Barnes,
 
 143 Miss. at 601, 109 So. at 9 (“The dismissal of a suit without prejudice ‘does not deprive the defendant of any defense he may be entitled to make to the new suit, nor confer any new right or advantage on the [plaintiff] ....’” (quoting
 
 Nevitt v. Bacon,
 
 32 Miss. 212, 228 (1856))). Additionally, we do not find such a holding to frustrate the purpose of the savings statute, i.e., to ensure that a trial on the merits is not forfeited by reason of accident, inadvertence, defect or informality. A voluntary withdrawal does not constitute the “accidental” or “inadvertent” failure of an action, nor is a plaintiff “defeated” within the meaning of section 15-1-69 when he is nonsuited upon his own request. We find no error in the trial judge’s grant of summary judgment and affirm.
 

 
 *271
 
 ¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF SCOTT COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, ISHEE AND ROBERTS, JJ., CONCUR. BARNES, J., NOT PARTICIPATING.
 

 [1]
 

 . This finding was based upon an appeal taken in the
 
 McKee
 
 case, in which the Fifth Circuit found that a cause of action could be established against the Mississippi resident defendants.
 
 See McKee v. Kansas City S. Ry. Co.,
 
 358 F.3d 329, 335-36 (5th Cir.2004).
 

 [2]
 

 .
 
 Stewart v. Guaranty Bank & Trust Co.,
 
 596 So.2d 870, 872-73 (Miss.1992).
 

 [3]
 

 . In
 
 Boston
 
 and
 
 Norman,
 
 the federal district court had original jurisdiction over the plaintiffs' federal claims pursuant to 28 U.S.C. section 1331, and supplemental jurisdiction over the state law claims under 28 U.S.C. section 1367. When the district court declined to exercise supplemental jurisdiction over the plaintiffs’ state law claims, the claims were dismissed without prejudice; thus, the statute of limitations on the plaintiffs' state law claims were tolled pursuant to 28 U.S.C. 1367(d).