SCOTTISH UNION & NATIONAL INSURANCE COMPANY *v.* WARREN-GEE LUMBER COMPANY.

[60 South. 1010.]

1. EQUITY. *Jurisdiction. Separate contracts. Multiplicity of suits. Injunction. Cross-bill.*

Where several insurance companies had issued separate policies upon the same property with similar coinsurance clauses in each, such policies were independent contracts, the liability of one company not being affected by that of any other company, and this clause afforded no ground for an accounting, or to enforce contributions for it provides for neither. In such case all of such insurance companies were not entitled to join in the same bill to set aside all the policies and enjoin suits to enforce them, as something more than a community of interest in questions of law and fact involved was necessary for such joinder.

2. SAME.

Where several insurance companies having separate insurance policies upon the same property join in a bill to set aside their several policies and to enjoin the collection of the same and the insured files a cross-bill to enforce the same, if the original bill is not sustainable for failure to state facts suf-

ficient to show equity jurisdiction, the cross-bill was also not sustainable for the same reason, though the trial court assumed jurisdiction, as such case is not within the terms of section 147 of the Constitution of 1890.

APPEAL from the chancery court of Forest county.
Hon. T. A. WOOD, Chancellor.

Suit by the Scottish Union & National Insurance Company against the Warren-Gee Lumber Company, and others. From a decree sustaining the cross-bill of defendant, complainant appeals.

The facts are fully stated in the opinion of the court.

*Baskin & Wilburn, McLaurin, Armstead & Brien* and *E. J. Bowers,* attorneys for appellant.

*McWillie & Thompson, S. E. Travis, D. E. Sullivan* and *J. R. Tally,* attorneys for appellees.

Counsel on both sides filed able and elaborate briefs but too long for publication.

Argued orally by *E. J. Bowers* and *R. L. McLaurin,* for appellants, and *Humphrey L. Gray, S. E. Travis* and *R. H. Thompson,* for appellees.

SMITH, C. J., delivered the opinion of the court.

In December, 1904, the plant and lumber yard of the Warren-Gee Lumber Company, which was insured in appellant and a number of other insurance companies was destroyed by fire. The property insured was incumbered with a vendor's lien, held by George L. Hawkins, trustee, securing payment to various parties of a sum aggregating about ten thousand dollars, and each of the policies of insurance contained a loss payable clause in favor of Hawkins. All of these policies covered the same property, and each of them contained this or a similar clause: "This company shall not be liable

under this policy for a greater proportion of any loss of the described property, or for loss by an expense for removal from the premises endangered by fire, than the amount hereby insured shall bear to the whole insurance, whether valid or not, or by solvent or insolvent insurers, covering such property, and the extent of the application of the insurance under this policy or by the contribution to be made by this company in case of loss may be provided for by agreement on condition written hereon or attached or appended hereto.''

On April 5, 1905, these insurance companies filed a joint bill in the court below against Hawkins and the Warren-Gee Lumber Company, setting up that, for various reasons, these insurance policies were void, and praying that appellees be enjoined from instituting suit thereon, and that they be delivered up and canceled; all of the matters alleged as tending to show that the policies were void being such as could have been pleaded in bar to suits thereon at law.

Hawkins filed an answer and cross-bill, alleging that he was a stranger to those matters alleged by complainants in avoidance of the policies and therefore was unaffected thereby, praying that he might be considered as occupying an impartial attitude as between the insurance companies and the Warren-Gee Lumber Company, and that, in any event, the companies be decreed to pay him the amount of his lien on the property covered by the policies.

The Warren-Gee Lumber Company demurred to the bill on the following grounds, among others: ''Because it appears that the several policies of insurance, issued by the said several complainants, were each and all separate and separable contracts between each separate complainant and the defendant Warren-Gee Lumber Company; and therefore there is a misjoinder of parties complainant. Because said bill not only fails to allege that the controversy between each of said complainants and

the defendant Warren-Gee Lumber Company is controlled by a common state of facts and a common principle of law, but, on the contrary, said bill and exhibits called for in said bill shows that there is a separate and distinct controversy between this defendant and each of said complainants, and that there is no joint cause of action and complaint; and therefore this court is without jurisdiction."

On December 3, 1906, while the demurrer of the Warren-Gee Lumber Company remained undisposed of, complainants, in open court, obtained leave to, and did, dismiss their bill of complaint. The court in sustaining their motion for leave so to do, ordered, upon application of Hawkins, that his cross-bill be retained, and that it be proceeded with as an original bill, granting him leave to amend it within sixty days, "so as to set out all the facts and circumstances in connection with the issuance of each of said policies, and so as to show that the said defendant has no adequate remedy at law, and that equity has jurisdiction of said cause on the ground of preventing a multiplicity of suits at law."

On the 2d day of March, 1907, Hawkins filed his amended answer and cross-bill; and on the 6th day of June, 1907, the Warren-Gee Lumber Company obtained leave "to file an answer and cross-bill in said cause against all parties thereto, in response to the amended cross-bill of George L. Hawkins, trustee. All of these orders entered by the court, subsequent to the dismissal of the original bill, were entered over the protest of appellant.

On August 5, 1907, the Warren-Gee Lumber Company filed its answer and cross-bill setting up the fact that it held policies for stated amounts in the various complainant insurance companies, and praying that the companies be decreed to pay it the amount thereof. Complainant demurred to these cross-bills on the ground, among others, of misjoinder of parties, and "because the

bill shows on its face that there is no common duty in the defendants thereto, and that the interest of the complainants in relief sought is not common to the several defendants.'' These demurrers were overruled by the court, and in due course appellant and the other companies filed their answers to these cross-bills; and on final hearing each of them was directed to pay the amounts found to be due by them to Hawkins and the Warren-Gee Lumber Company, according to their respective interests.

Instead of filing one amended cross-bill, Hawkins, for some purpose not apparent, filed nine such, one against each company, so that this appeal is by one of them alone, but by agreement the other companies are to abide the result thereof.

Under the rule announced in the *Tribette case*, 70 Miss. 182, 12 South. 32, 19 L. R. A. 660, 35 Am. St. Rep. 642, reaffirmed in *Telephone Co.* v. *Williams*, 57 South. 559, appellant's original bill did not, nor did appellees' cross-bills, present a case for equitable relief; therefore appellant's demurrer to these cross-bills should have been sustained; and the fact that the court below assumed jurisdiction does not bring the case within the terms of section 147 of the Constitution of 1890. *Newton Oil & Mfg. Co.* v. *Sessums*, 59 South. 9.

While it is true that each of these policies contained the coinsurance clause hereinbefore set out, still they are independent contracts, the liability of one company not being affected by that of any other company; and this clause can afford no ground for an accounting, or to enforce contribution, for it provides for neither. What one company may be compelled to pay under its contract is of no concern to any of the other companies; this provision of the contract simply providing the measure of each company's independent liability. That each jury in separate suits at law on these policies, might fix the value of the property insured at a different sum is

immaterial; for the verdict and judgment in one case could have no effect upon the verdict and judgment in any other case. *Scruggs & Echols* v. *American Central Insurance Co.*, 176 Fed. 224, 100 C. C. A. 142, 36 L. R. A. (N. S.) 92; *Rochester German Insurance Co.* v. *Schmidt*, 175 Fed. 720, 99 C. C. A. 296; *Mechanics' Ins. Co.* v. *Hoover Distilling Co.*, 173 Fed. 888, 97 C. C. A. 400, 32 L. R. A. (N. S.) 940; *Queen Ins. Co. of America* v. *Leggett*, 177 Fed. 1005, 100 C. C. A. 668; this last-named case having been appealed from the Circuit Court of the United States for the Southern District of Mississippi.

The case of *Tisdale* v. *Insurance Co.*, 84 Miss. 709, 36 South, 568, was by *Telephone Co.* v. *Williams, supra,* necessarily, and, that it may no longer mislead, is now expressly, overruled.

*Reversed.*