HAWKINS ET AL *v.* SCOTTISH UNION & NATIONAL INS. CO.

[69 South. 710. 61 South. 430.]

1. LIMITATION OF ACTIONS. *Exceptions. Dismissal of actions. New action. Misjoinder. Dismissal. Jurisdiction. Matters of form. Duly commenced.*

Where an action duly commenced within the time allowed, is dismissed for want of jurisdiction, under Code 1906, section 3116, so providing, the plaintiff may commence a new action for the same cause, at any time within one year after such dismissal and where the commencement of the new action was more than six years after the accrual of the original cause but within one year of the time of the dismissal of the first action, a demurrer to a replication to the plea of the statute of limitations, setting up that the action was begun within one year after dismissal of the former suit should not be sustained.

2. LIMITATION OF ACTIONS. *Exceptions. New action.*

Code 1906, section 3116, permitting the bringing of actions within one year after dismissal of a cause for matters not affecting the merits, applies when the suit dismissed embraced the

cause of action sued on in the second, even though it also embraced other and distinct causes of action asserted against parties other than the defendant in the second suit.

3. LIMITATION OF ACTIONS. *Misjoinder. Dismissal. New action.*
    Where several independent causes of action are brought in one suit in equity the court having no jurisdiction on account of such joinder, a dismissal of the cause by the court on appeal was a "dismissal for matter of form under Code 1896, section 3116, and an action brought on one of the causes so joined within one year after such dismissal was properly brought.

4. LIMITATION OF ACTION. *Exceptions. Jurisdiction. Matters of Form. Duly commenced.*
    An action which was dismissed, in order to be "duly commenced" within the meaning of Code 1906, section 3116, must not necessarily have been commenced in a court having jurisdiction of the subject-matter. On the contrary, one of the designs of the statute, with which section 147 of the Constitution is in keeping, is to protect parties who have in good faith mistaken the forum in which their causes should be tried.

APPEAL from the circuit court of Forest county.
HON. P. B. JOHNSON, Judge.

Suit by G. L. Hawkins, trustee, and another, against the Scottish Union & National Insurance Company. From an order dismissing the cause, after sustaining defendant's demurrer to plaintiff's replication to the plea of the statute of limitations, plaintiffs appeal.

The facts are fully stated in the opinion of the court.

*S. E. Travis, Sullivan, Conner & Sullivan* and *Watkins & Watkins,* for appellant.

*E. J. Bowers* and *McLaurin & Armistead,* for appellee.

SMITH, C. J., delivered the opinion of the court.

Appellee issued its fire insurance policy to Warren-Gee Lumber Company on property owned by it, to which is attached a loss payable clause in favor of G. L. Hawkins, trustee; he having a lien on the property

covered by the policy to secure the payment of certain notes held by him as trustee. This policy was issued in July, 1904; the property covered by it was destroyed by fire on December 22d, following; and this suit was instituted in the court below in February, 1913. The record contains quite a number of pleas, replications, and demurrers; but the only question submitted to us by this record is the correctness of the ruling of the court below in sustaining appellee's demurrer to appellants' replication to the plea setting up the six-year statute of limitation as a bar to the action. Appellants having declined to plead over after the sustaining of this demurrer, the cause was dismissed. This replication of appellants set up that they had within the time allowed by law commenced an action in the chancery court of Forrest county and had obtained a decree in their favor, but which upon appeal to this court was reversed, and the cause dismissed, and that the present action was commenced in one year thereafter. The statute sought to be invoked by this replication is section 3116 of the Code of 1906, which is as follows:

"If in any action, duly commenced within the time allowed, the writ shall be abated, or the action otherwise avoided or defeated, by the death of any party thereto, or for any matter of form, or if, after verdict for the plaintiff, the judgment shall be arrested, or if a judgment for the plaintiff shall be reversed on appeal, the plaintiff may commence a new action for the same cause, at any time within one year after the abatement or other determination of the original suit, or after reversal of the judgment therein; and his executor or administrator may, in case of his death, commence such new action, within the said one year."

The facts embodied in this replication and exhibits thereto are substantially the same as set forth in *Scottish Union & National Insurance Co.* v. *Warren-Gee Lumber Co.*, 103 Miss. 816, 60 So. 1010, and 61 So. 430, wherein

this court reversed the decree rendered in the former action instituted in the chancery court of Forrest county, hereinbefore referred to, which case must be read in connection herewith for a complete understanding of the facts upon which the ruling herein is based. An examination of the facts set forth in the former appeal herein (103 Miss. 816, 60 So. 1010) shows that the former suit was begun on an original bill on the part of a number of insurance companies, including appellee, praying that these appellants be enjoined from proceeding at law to collect, and for a decree absolving complainants from liability on the insurances therein mentioned. To this bill, Hawkins, trustee, filed an answer and cross-bill, making Warren-Gee Lumber Company a party defendant thereto, the prayer of which was that the complainant insurance companies be decreed to pay him the amount due him on the notes held by him and secured by lien upon the property covered by their policies, and that in event such decree should be denied that Warren-Gee Lumber Company be decreed to pay him the amount it was due thereon. Instead of answering the complainant's bill, the Warren-Gee Lumber Company demurred thereto, and while this demurrer was pending the bill was by complainant dismissed; and the court, upon application of Hawkins, ordered that his cross-bill be retained and proceeded with as an original bill, granting him leave to amend same within sixty days. This amendment, which was afterwards, made, consisted in the filing by Hawkins of separate bills in the same cause, one against each of the original complainant companies, to each of which he also made the Warren-Gee Lumber Company a party defendant, praying for a decree against the Warren-Gee Lumber Company for the amount due by it on the notes held by him, and against each of the companies for the amount due him under the policies issued by them. The Warren-Gee Lumber Company made its answers to these crossbills by Hawkins, trustee, cross-bills, in which Haw-

kins and each of the insurance companies were made parties defendant thereto; the prayer of each of such cross-bills being that the defendant companies therein be decreed to pay it the amount of the policies issued by them, "less the proportion or share thereof necessary to pay off and discharge the said vendor's lien or claim of said George L. Hawkins, trustee." These cross-bills filed by Warren-Gee Lumber Company contained allegations of collusion between Hawkins and the complainant companies, but prayed for no relief as to Hawkins individually, though the answer of Hawkins thereto denies that the cross-complainant was entitled to any relief against him. Whether or not such relief was asked, however, we do not regard as material reason, for the reason that such procedure was proper in a court of chancery and the defendant insurance companies were not concerned therewith.

It will be observed from this statement that in the former suit several causes of action were combined, one of which was the right of appellants to collect from appellee the amount of the insurance policy here in question; and the relief sought was that each should be decreed a proportionate part thereof or—to be more accurate—a proportionate part of the amount due by all the companies on account of the destruction of the property covered by the policies. This being true, in so far as appellee is concerned the cause of action here sued on is, within the meaning of section 3116 of the Code, the same as the one involved in the former suit. All that was sought to be recovered of appellee in the former suit was the amount due by it under its policy, and that is all that is sought to be recovered here; the only difference between the decree sought in the former suit and the judgment here sought is that in the former the court was requested to decree specifically the proportion of the amount due which should be paid to each of the appellees, while here the effort is to obtain a judgment that the entire amount be

paid to them jointly. That the statute applies when the suit dismissed embraced the cause of action sued on in the second, even though it also embraced other and distinct causes of action asserted against parties other than the defendant in the second suit, was necessarily decided in *Young* v. *Walker,* 70 Miss. 813, 12 So. 546, 901.

Reference in this connection is made by counsel for appellee to the fact that to several of its pleas setting up alleged breaches of various clauses of the policy by Warren-Gee Lumber Company appellant Hawkins by demurrer and replication claims that by reason of his independent contract under the loss payable clause he is not affected thereby. That issues have thus arisen between appellee and only one of appellants is not material, for they were a part of the issues involved in the former action.

The argument advanced in support of the second ground upon which it is sought to uphold the judgment of the court below is that the former action was instituted in a court not having jurisdiction of the subject-matter thereof, and consequently was not duly commenced within the meaning of the statute relied on. While the court in which the former suit was instituted should not have tried it over the protest of appellees herein, for the reason that the cause was not one of equity cognizance, still it cannot be said with accuracy that it was without jurisdiction so to do, for section 147 of our Constitution practically "sweeps away all distinction between equity and common-law jurisdiction, after it has been entertained, in a civil cause in the chancery or circuit court," so that the decree rendered by it, the chancery court of Forrest county, was valid until reversed on appeal (*Whitney* v. *Bank,* 71 Miss. 1009, 15 So. 33, 23 L. R. A. 531), which reversal depended on the view this court would take of a doubtful question of jurisdiction. The ground upon which the decree was reversed was that the cause was not one of equity cognizance, and since the form in which the action was brought—that is, combining a number of sep-

arate and independent causes of action in one suit—was such that no court was authorized to try it over the protest of the defendants, it was not saved by the provisions of section 147 of the Constitution. Had it not been for the form of the action, although the cause was not one of equity cognizance, the decree would either not have been reversed at all, or, if reversed, the cause would have been remanded to the court which could "best determine the controversy." So that, when reduced to its last analysis, the dismissal of the former action was for "matter of form," and therefore the cause comes strictly within the language of the statute.

But we do not understand that the action which was dismissed, in order to be duly commenced within the meaning of the statute, must necessarily have been commenced in a court having jurisdiction of the subject-matter. On the contrary, we think one of the designs of the statute, with which section 147 of the Constitution is in keeping, is to protect parties who have mistaken the forum in which their causes should be tried, who simply entered the temple of justice by the door on the left, when they should have entered by the door on the right. In the language of the supreme court of West Virginia, in *Tompkins* v. *Pacific Ins. Co.*, 53 W. Va. 484, 44 S. E. 441, 62 L. R. A. 489, 97 Am. St. Rep. 1011:

"It is a highly remedial statute and ought to be liberally construed for the accomplishment of the purpose for which it was designed, namely, to save one who has brought his suit within the time limited by law from loss of his right of action by reason of accident or inadvertence, and it would be a narrow construction of that statute to say that because, if plaintiff had, by mistake, attempted to assert his right in a court having no jurisdiction, he is not entitled to the benefit of it."

Of course, good faith in the institution of the action dismissed is an element in determining the right to invoke the statute, and, as was said by the supreme court of the

United States in *Smith* v. *McNeal,* 109 U. S. 426, 3 Sup.
Ct. 319, 27 L. Ed. 986:

"Cases might be supposed, perhaps, where the want
of jurisdiction in the court was so clear that the bringing
of a suit therein would show such gross negligence and
indifference as to cut the party off from the benefit of the
saving statute, as if an action of ejectment should be
brought in a court of admiralty, or a bill in equity should
be filed before a justice of the peace."

Statutes similar to the one here in question seem to
have been enacted in most, if not all, of the states; but the
only ones which have been called to our attention in
which it is provided that the action must be duly com-
menced are those of Rhode Island and Massachusetts, and
in each of these states it seems uniformly to have been
held that a cause dismissed for want of jurisdiction is
within the statute. It is true that in all of the cases from
those states which have come under our observation the
defect in jurisdiction because of which the causes were
dismissed related to the parties, and not to the subject-
matter. Nevertheless those cases are here in point, for
a court is just as powerless to render a valid judgment
when without jurisdiction of the person as it is to render
such a judgment when it is without jurisdiction of the
subject-matter. *Gwin* v. *McCarroll,* 1 Smedes & M. 351;
*Wright* v. *Weisinger,* 5 Smedes & M. 210; *Miller* v.
*Ewing,* 8 Smedes & M. 421.

Moreover in *Taft* v. *Stow,* 174 Mass. 171, 54 N. E. 506,
the supreme judicial court of Massachusetts, in construi-
ing a statute similar, though not identical, with the one
here in question, in that it did not require the first action
to be duly commenced, held that the dismissal of an ac-
tion for want of jurisdiction of the subject-matter was a
dismissal for matter of form, and we do not understand
counsel for appellee to, and they could not successfully,
contend that an action defective only in matter of form
was not duly commenced within the meaning of the stat-

ute. The true meaning of this statute is, in our judgment, as was said by SHAW, C. J., in *Coffin* v. *Cottle*, 16 Pick. (Mass.) 386, and quoted with approval in *Woods* v. *Houghton*, 1 Gray (Mass.) 580, wherein the statute under consideration was, in all respects, substantially the same as the one here in question, that:

"Where the plaintiff has been defeated by some matter not affecting the merits, some defect or informality, which he can remedy or avoid by a new process, the statute shall not prevent him from doing so, provided he follows it promptly, by suit within a year."

We have not invoked the case of *Weathersly* v. *Weathersly*, 31 Miss. 662, as authority for the ruling here made, for the reason, as pointed out by counsel for appellee, the statute there construed did not require that the action dismissed should have been duly commenced, and therefore it is not necessarily conclusive of the question here involved.

*Reversed and remanded.*