881 So.2d 278 (2003)
Jackie OWENS, individually and on behalf of all other Death Beneficiaries of Terry Owens, Appellant,
v.
Paul MAI d/b/a Crystal Springs Mobile Home Parks, Appellee.
No. 2002-CA-01338-COA.
Court of Appeals of Mississippi.
November 18, 2003.
Rehearing Denied February 17, 2004.
*279 Michael S. Allred, Ottowa E. Carter, Jackson, attorneys for appellant.
William E. Ready, Jr., Meridian, attorney for appellee.
Before SOUTHWICK, P.J., THOMAS and IRVING, JJ.
THOMAS, J., for the Court.
¶ 1. Jackie Owens appeals the decision of the Copiah County Circuit Court dismissing her wrongful death suit for expiration of the applicable statute of limitation. This was the second suit filed on the same cause of action, the first having been dismissed for want of proper service of process. On appeal, Owens asserts one error:

THE SECOND SUIT WAS NOT BARRED BY THE STATUTE OF LIMITATION

FACTS
¶ 2. In 1996, Jackie Owens and her husband, Terry, were residents at the Crystal Springs Mobile Home Parks, owned and operated by Paul Mai. In November 1996, Terry Owens was stabbed and killed on the premises by Mark Tappen who had been hired by Mai to provide security to the Parks.
¶ 3. Jackie Owens filed a wrongful death action against Mai for negligent employment of Tappen and negligent supervision, among other claims, in November 1997 (Crystal Springs I). Owens attempted to serve Mai personally on March 10, 1998 by leaving a copy of the summons and complaint with his wife at their usual place of abode. However, Mai denied ever receiving a copy of the documents by mail as is required under Rule 4(d)(1)(B) of the Mississippi Rules of Civil Procedure and the return of service lacked any language indicating a copy had been mailed to Mai. Mai included this as a defense in his answer.
¶ 4. Three years later, in May 2001, Mai moved for dismissal based upon this service defect as well as the failure of the return of service to include the required language. In her answer, Owens asserted she had caused the summons and complaint to be mailed to Mai and submitted an amended return of service which included the necessary language. The court granted the motion to dismiss on the ground that "this service of process was defective as to form and wholly insufficient to bring Paul Mai before the Court." Owens then filed a motion for reconsideration.
¶ 5. While the motion was being considered, Owens refiled the same suit (Crystal Springs II) on November 2, 2001, nearly five years after the death of her husband and two years after the expiration of the statute of limitation. Owens' Crystal Springs I motion to reconsider was denied. Mai again filed for dismissal, this time on the ground that the statute of limitation had expired. In opposition to this motion, Owens asserted her cause of action fell within the purview of the "savings statute." Miss.Code Ann. § 15-1-69 (Rev.1995). The trial court disagreed and granted the dismissal. This appeal followed.

*280 ANALYSIS
¶ 6. Owens did not appeal the dismissal of her first suit, Crystal Springs I. The only appeal before us is the dismissal of Crystal Springs II. However, whether or not the trial court erred in Crystal Springs II necessarily entails a review of the nature of the dismissal in Crystal Springs I.
¶ 7. In defending against the motion for dismissal in Crystal Springs II, Owens sought the protection of the Mississippi "savings statute." The pertinent part of this statute provides that if any action, duly commenced within the time allowed, shall be abated or otherwise avoided or defeated for any matter of form, the plaintiff may commence a new action, even if the statute of limitation has expired, if the new suit is begun within one year from the date of abatement. Miss.Code Ann. § 15-1-69 (Rev.2003). Neither party disputes that by the time Crystal Springs II was filed the applicable statute of limitation had long passed.
¶ 8. It has long been accepted that dismissal of a case for lack of jurisdiction is a matter of form for purposes of the savings statute. Hawkins v. Scottish Union & Nat'l Ins. Co., 110 Miss. 23, 29, 69 So. 710, 712 (1915). This rule has remained constant through modern cases. Wertz v. Ingalls Shipbuilding, Inc., 790 So.2d 841, 844(¶ 7) (Miss.Ct.App.2000). Whether or not "jurisdiction" under these circumstances is limited to subject matter jurisdiction is the question we must decide.
¶ 9. In dismissing the second suit, the trial court made the following finding:
Since the plaintiff's lawsuit was dismissed for improper service of process and not lack of jurisdiction, the "saving statute" MS Code Ann. § 15-1-96 cannot revive the Crystal Springs I lawsuit via Crystal Springs II. At this point, the plaintiff's claim is barred pursuant to MS Code Ann. § 15-1-3.
¶ 10. With respect to the trial court, we can find no basis for the distinction made between "service of process" and "jurisdiction" in applying the savings statute. By distinguishing between service of process and jurisdiction, we must assume the court intended to refer only to subject matter jurisdiction as a "matter of form" to bring the suit under the statute. Both personal jurisdiction and subject matter jurisdiction, however, are necessary before a court may validly try and adjudicate a case. Petters v. Petters, 560 So.2d 722, 723 (Miss.1990). Sufficient service of process is one of the two manners in which personal jurisdiction may be exercised over a defendant and thus render him subject to the adjudication of the trial court. Mansour v. Charmax Indus., Inc., 680 So.2d 852, 854 (Miss.1996).
¶ 11. Although Mississippi has not ruled specifically on the inclusion of personal jurisdiction as a matter of form in these circumstances, dicta from the case which established "jurisdiction" as a matter of form seems to indicate that such inclusion would be proper, it was merely absent as an issue from the case pending before that court:
It is true that in all of the cases from those states which have come under our observation the defect in jurisdiction because of which the causes were dismissed related to the parties, and not to the subject-matter. Nevertheless those cases are here in point, for a court is just as powerless to render a valid judgment when without jurisdiction of the person as it is to render such a judgment when it is without jurisdiction of the subject-matter.
Hawkins, 110 Miss. at 30, 69 So. at 712.
¶ 12. This same case gave us the justification for savings statutes such as the one *281 here at issue: that a cause of action ought not be lost for a matter not affecting the merits of the case when the fault may be remedied merely by new process being issued. Id. at 31, 69 So. at 713 (quoting with approval Coffin v. Cottle, 33 Mass. 383, 386 (1835)). This also is a concept which remains current in the law. Ryan v. Wardlaw, 382 So.2d 1078, 1080 (Miss.1980).
¶ 13. The dismissal of Crystal Springs I falls within this purview. The only reason for dismissing was the failure to mail a copy of the complaint and summons to the defendant. Personal jurisdiction was thus lacking. We find no reason to assume that "jurisdiction" encompasses only subject matter jurisdiction when both are necessary to any valid adjudication. The dismissal of Crystal Springs II was therefore improper under the Mississippi savings statute.
¶ 14. THE JUDGMENT OF THE COPIAH COUNTY CIRCUIT COURT IS REVERSED AND REMANDED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.