# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2006-CT-00519-SCT

*MERLEAN MARSHALL, ALPHONZO MARSHALL
AND ERIC SHEPARD, INDIVIDUALLY AND ON
BEHALF OF ALL WRONGFUL DEATH
BENEFICIARIES OF LUCY SHEPARD,
DECEASED*

*v.*

*KANSAS CITY SOUTHERN RAILWAYS COMPANY,
ERIC W. ROBINSON, THE ESTATE OF ROBERT
EVERETT AND C.L. DUETT*

## ON WRIT OF CERTIORARI

DATE OF JUDGMENT:                01/10/2006
TRIAL JUDGE:                     HON. MARCUS D. GORDON
COURT FROM WHICH APPEALED:       SCOTT COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANTS:        JAMES W. CRAIG
                                 HERBERT LEE
ATTORNEYS FOR APPELLEES:         CHARLES E. ROSS
                                 CHARLES H. RUSSELL, III
                                 BENJAMIN NOAH PHILLEY
NATURE OF THE CASE:              CIVIL - WRONGFUL DEATH
DISPOSITION:                     REVERSED AND REMANDED - 03/05/2009
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**LAMAR, JUSTICE, FOR THE COURT:**

¶1.     This case is before the Court on writ of certiorari.  Merlean Marshall, Alphonzo

Marshall, and Eric Shepard, individually and on behalf of all wrongful-death beneficiaries

of Lucy Shepard (collectively "Beneficiaries"), petitioned this Court for writ of certiorari

after the Court of Appeals affirmed the Scott County Circuit Court's dismissal of their

wrongful-death action as time-barred. We consider whether the Beneficiaries' claims survive pursuant to the savings provision of Section 15-1-69 of the Mississippi Code. Finding the circuit court and the Court of Appeals erred, we reverse and remand so that the Beneficiaries may proceed in the trial court with their action against the defendants, Kansas City Southern Railway Company ("KCS") and the train crew.[1]

## FACTS AND TRIAL COURT PROCEEDINGS

¶2. On July 10, 1998, a van driven by Lucy Shepard collided with a KCS train. Shepard died as a result of the accident, while Phyllis McKee, a passenger in the van, survived. On July 20, 1998, ten days after the accident, Shepard's Beneficiaries filed a wrongful-death action ("*Shepard I*") against KCS and the train crew in the Circuit Court of Scott County.[2] McKee filed a separate negligence action against KCS and the train crew in a Mississippi state court. *See McKee v. Kan. City S. Ry.*, 281 F.3d 1279 (5th Cir. 2001).

¶3. On June 22, 1999, KCS removed *Shepard I* to the United States District Court for the Southern District of Mississippi, claiming the train crew was fraudulently joined to defeat diversity jurisdiction. The Beneficiaries responded with a motion to remand, which was denied. The district court found that the train crew was fraudulently joined to defeat diversity jurisdiction, and it dismissed the train crew[3] from the action on March 30, 2000.

_____

[1] Eric Robinson, C.L. Duett, and Robert Everett were members of the train crew and named defendants. Everett was the conductor, and Robinson and Duett were engineers.

[2] Robinson, Everett, and Duett were residents of Mississippi at the time the complaint was filed.

[3] In its order denying the motion to remand, the district court did not specify whether the train crew was dismissed with or without prejudice. Furthermore, the record does not

2

The Beneficiaries then filed an interlocutory appeal to contest the order denying their motion to remand. The Fifth Circuit Court of Appeals dismissed the interlocutory appeal as premature, since the district court's denial of the motion was not certified under 28 U.S.C. § 1292(b) or Federal Rule of Civil Procedure 54(b).

¶4. Meanwhile, the McKee case also was removed to federal court and assigned to the same district court judge. As with **Shepard I**, the district court dismissed the train crew as fraudulently joined. Thereafter, the McKee case went to trial, and a jury returned a verdict in favor of KCS.

¶5. Upon learning of the McKee verdict, the Beneficiaries filed a motion for entry of final judgment in favor of KCS under Rule 54 of the Federal Rules of Civil Procedure. In their motion for entry of final judgment, the Beneficiaries stated, in relevant part:

> The issues in the case _sub judice_ are identical to the issues in **McKee** and those issues have been decided by a jury in favor of the Kansas City Southern Railway Company. Since the Court and the Defendant have previously opined that the jury's verdict in **McKee** and the final judgment entered pursuant to that verdict are binding upon the Plaintiff and the Defendant herein, there is no just reason to delay the entry of a final judgment in this action.

---

contain a Rule 54(b) certification as to the dismissal of the train crew. *See* Fed. R. Civ. P. 54(b). Under Rule 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." *Id.*

3

¶6.     KCS did not oppose entry of final judgment but argued the motion should be granted under Rule 41(a)(2)[4] of the Federal Rules of Civil Procedure. In its response to the motion for entry of final judgment, KCS stated:

> It is apparent from Plaintiffs' Motion, and from representations by her counsel to this Defendant and the Court, that Plaintiff wishes to terminate proceedings before this Court and appeal to the Fifth Circuit Court of Appeals this Court's rulings denying the Plaintiffs' Motion to Remand and Motion to Reconsider Order Denying Remand. Defendant would agree to entry of order dismissing Plaintiffs' claims with prejudice and expressly reserving the Plaintiffs' right to challenge this Court's *subject matter jurisdiction* on appeal to the Fifth Circuit.

(Emphasis added).

¶7.     On September 30, 2003, the district court entered an order of dismissal and entry of final judgment referring to Rule 41(a)(2) of the Federal Rules of Civil Procedure. In the order, the district court noted that "the parallel case denominated ***Phyllis Body McKee v. Kansas City Southern Railway***, Civil Action No. 3:99-cv-393WS, which involves the same defendants as the instant case, the same facts and the same questions of law, was determined in favor of the defendants by jury verdict."[5] The court did not specify whether the judgment was with or without prejudice.

---

[4]Rule 41(a)(2) provides "an action may be dismissed at the plaintiff's request only by court order, on terms that the court deems proper . . . . Unless the order states otherwise, a dismissal under this paragraph (2) is *without prejudice*. Fed. R. Civ. P. 41(a)(2) (emphasis added).

[5]The ***McKee*** verdict was appealed to the Fifth Circuit Court of Appeals, and the Fifth Circuit vacated the verdict and remanded the case to state court. *See **McKee v. Kan. City S. Ry. Co.***, 358 F.3d 329, 337 (5th Cir. 2004). The Fifth Circuit found that the district court lacked subject matter jurisdiction over the action, since the train crew was not fraudulently joined to defeat diversity jurisdiction. ***Id.*** at 331, 337.

¶8. Upon ***Shepard I***'s dismissal, the Beneficiaries again appealed the order denying their motion to remand. The Fifth Circuit concluded the dismissal was without prejudice pursuant to Rule 41(a)(2), and thus, it lacked jurisdiction to hear the appeal. *See **Marshall v. Kan. City S. Ry. Co.***, 378 F.3d 495 (5th Cir. 2004).

¶9. After the Fifth Circuit dismissed the appeal in Shepard I, the Beneficiaries refiled their wrongful-death action in the Circuit Court of Scott County ("***Shepard II***") on August 16, 2004. The Beneficiaries again named KCS and the train crew[6] as defendants and asserted virtually the same claims as in ***Shepard I***. ***Shepard II*** also was removed to federal court based on diversity jurisdiction and fraudulent joinder.

¶10. Thereafter, the Beneficiaries filed a motion to remand, which was granted by a different district judge. *See **Marshall v. Kan. City S. Ry. Co.***, 372 F. Supp. 2d 916 (S.D. Miss. 2005). In its opinion and order, the district court relied upon the Fifth Circuit's holding in ***McKee v. Kansas City Southern Railway Company***, 358 F.3d 329, 337 (5th Cir. 2004). ***Id.*** at 921. The court specifically found:

> [T]he Fifth Circuit has already considered and rejected similar arguments . . . in the McKee suit . . . Based on the holdings of the Fifth Circuit in the McKee suit, and based on this Court's own review of the facts and claims in this case, the Court finds that Plaintiffs have asserted claims against the non-diverse Defendants for which a Mississippi state court *may* grant relief.

***Id.***

---

[6]Everett had passed away, so his estate was named as a party defendant in ***Shepard II***.

¶11. Upon the remand of **Shepard II** to state court, KCS and the train crew sought dismissal based on the statute of limitations. KCS and the train crew argued that the Beneficiaries' claims were time-barred under the three-year statute of limitations of Mississippi Code Section 15-1-49 (Rev. 2003)[7] and that the voluntary dismissal without prejudice was not a dismissal as a "matter of form" under Mississippi Code Section 15-1-69 (Rev. 2003).

¶12. The trial court entered an order of dismissal with prejudice, finding that all claims were time-barred under Section 15-1-49 of the Mississippi Code. The Beneficiaries timely appealed.

## PROCEEDINGS AT THE COURT OF APPEALS

¶13. The Court of Appeals found the statute of limitations had run, and absent "saving," the Beneficiaries' claims were time-barred, affirming the trial court judgment. **Marshall v. Kan. City S. Ry. Co.**, 2007 Miss. App. LEXIS 752, at * 6 (Miss. Ct. App. Nov. 6, 2007). The Court of Appeals held that the Beneficiaries could not benefit from Section 15-1-69, as their dismissal was not within the purview of the Savings Statute. **Id.** at *9-*10, *14.

## DISCUSSION

¶14. This Court reviews a statute-of-limitations issue under a de novo standard. **Champluvier v. Beck**, 909 So. 2d 1061, 1063 (Miss. 2004).

¶15. The question this Court must determine is whether the statute of limitations for the Beneficiaries' claims has run. The statute of limitations for all claims began to run July 10,

---

[7]It is undisputed that Section 15-1-49 applies to the claims asserted by the Beneficiaries.

1998, when Shepard was fatally injured in the train collision. The Beneficiaries filed their complaint on July 20, 1998, well within the three-year statute of limitations. Their complaint, however, was dismissed on September 30, 2003, and final judgment entered more than five years after the cause of action accrued. This Court previously has held that a voluntary dismissal without prejudice:

> [D]oes not deprive the defendant of any defense he may be entitled to make to the new suit, nor confer any new right or advantage on the complainant (plaintiff), and hence *it will not have the effect of excepting from the period prescribed by the statute of limitations, the time during which that suit was pending*.

*Smith v. Copiah County*, 100 So. 2d 614, 616 (Miss. 1958) (quoting *W. T. Raleigh Co. v. Barnes*, 143 Miss. 597, 109 So. 8, 9 (1926) (quoting *Nevitt v. Bacon*, 32 Miss. 212, 228 (1856) (emphasis added))). Based on this Court's holding in *Smith*, the statute of limitations for the Beneficiaries' claims has run unless saved pursuant to Section 15-1-69 of the Mississippi Code.

¶16.    Section 15-1-69 of the Mississippi Code provides in relevant part:

> If any action, duly commenced within the time allowed, the writ shall be abated, or the action otherwise avoided or defeated, by the death of any party thereto, or *for any matter of form* . . . the plaintiff may commence a new action for the same cause, at any time within one year after the abatement or other determination of the original suit.

Miss. Code Ann. § 15-1-69 (Rev. 2003) (emphasis added). This Court previously has ruled that Section 15-1-69 applies to those cases "[w]here the plaintiff has been defeated by some matter not affecting the merits, some defect or informality, which [the plaintiff] can remedy or avoid by a new process, the statute shall not prevent him from doing so, provided he

7

follows it promptly, by suit within a year." *Hawkins v. Scottish Union & Nat'l Ins. Co.*, 110 Miss. 23, 69 So. 710, 713 (1915). Furthermore, the statute is "'highly remedial'" and "'ought to be liberally construed.'" *Id.* at 712 (quoting *Tompkins v. Pacific Ins. Co.*, 44 S.E. 439, 441 (W. Va. 1903)). "[G]ood faith in the institution of the action dismissed is an element in determining the right to invoke the statute." *Id.*

¶17. The parties do not dispute that *Shepard I* was duly commenced within the three-year statute of limitations. Furthermore, the parties do not dispute that *Shepard II* (filed August 16, 2004) constituted a new action for the same cause and was filed within one year of *Shepard I*'s dismissal (dismissed September 30, 2003). At issue is whether the dismissal entered by the district court is a "matter of form." *See* Miss. Code Ann. § 15-1-69 (Rev. 2003).

¶18. The Beneficiaries concede that a voluntary dismissal without prejudice is generally not considered a "matter of form" within the purview of Section 15-1-69 of the Mississippi Code. *See Barnes*, 109 So. at 9. The Beneficiaries argue, however, that the voluntary dismissal without prejudice was based on the district court's lack of subject matter jurisdiction. The Beneficiaries essentially request that this Court consider the record as a whole and find the dismissal was based on a lack of subject matter jurisdiction. *See Ryan v. Wardlaw*, 382 So. 2d 1078, 1080-81 (Miss. 1980) (holding that a dismissal for lack of subject matter jurisdiction is a matter of form under Section 15-1-69); *Fredrick Smith Enter. Co. v. Lucas*, 36 So. 2d 812, 814 (Miss. 1948) (same); *Hawkins v. Scottish Union & Nat'l Ins. Co.*, 69 So. at 712 (same).

8

¶19. KCS and the train crew argue that this Court should follow the general rule of **Barnes** and find a voluntary dismissal without prejudice is not a "matter of form." *See Barnes*, 109 So. at 9. KCS and the train crew contend that Section 15-1-69 should not apply to cases where the plaintiff voluntarily dismisses a case because of dissatisfaction with the district court's rulings. According to KCS and the train crew, the Beneficiaries received exactly what they requested, a voluntary dismissal, and the Beneficiaries should be bound by their strategic decision.[8]

¶20. In **Barnes**, the trial court dismissed a cause of action without prejudice. *Id.* The plaintiff and defendant agreed that the dismissal was a nonsuit. *Id.* Thereafter, the plaintiff refiled suit within one year of the dismissal of the first cause of action. *Id.* The trial court dismissed the second action, ruling that Section 15-1-69 was inapplicable to a nonsuit. *Id.*

¶21. In determining whether a voluntary dismissal without prejudice was a dismissal as a "matter of form," the Court noted the following:

> The motion on which the first suit was dismissed does not appear in the record, and there is nothing in the order of dismissal indicating that it was a mere abatement of the action, or that the dismissal was "for any matter of form," but in an agreement of counsel the dismissal is referred to as a nonsuit. The statute invoked, therefore, can afford the appellant no relief . . . . A nonsuit or a dismissal without prejudice . . . must be for a matter of form, and, as hereinbefore stated, it does not appear that the appellant's prior suit was dismissed for that reason.

*Id.*

---

[8]This Court notes that the Beneficiaries did not request a voluntary dismissal but a final judgment under Rule 54.

¶22.    Recently, this Court clarified the holding in *Barnes* when it found that a voluntary dismissal without prejudice could be considered a dismissal as a "matter of form." ***Crawford v. Morris Transp., Inc.***, 990 So. 2d 162, 174 (Miss. 2008).  In ***Crawford***, a plaintiff filed a petition to perpetuate testimony in a Mississippi circuit court.  *Id.* at 165.  The circuit court allowed the plaintiff to depose various resident and nonresident defendants, and following the depositions, the defendants removed the petition to federal court.  *Id.*  The nonresident defendants claimed the plaintiff had fraudulently joined the resident defendants to defeat diversity jurisdiction.  *Id.*  Thereafter, the federal court dismissed the resident defendants from the action.  *Id.*

¶23.    The plaintiff then filed a motion to dismiss without prejudice, or in the alternative, to remand, claiming the defendants had improperly removed the action.  *Id.*  The federal court found the defendants had prematurely removed the action and granted the plaintiff's motion to dismiss without prejudice.  *Id.* at 166.

¶24.    After the federal court dismissed the petition, the plaintiff filed a complaint in state court.  *Id.* 167-68.  The complaint was filed outside the statute of limitations and eleven months after the dismissal of the petition.  *Id.*  The defendant moved to dismiss the action as time-barred, arguing Section 15-1-69 did not apply to a voluntary dismissal without prejudice.  *Id.* at 168.  The trial court dismissed the action with prejudice.  *Id.*

¶25.    On appeal, this Court started its analysis of Section 15-1-69 with the premise that voluntary dismissals are not dismissals as a matter of form, but that dismissals for lack of subject matter jurisdiction are considered dismissals as a matter of form.  *Id.* at 170.  The

10

Court proceeded to review the "content or substance" of the record to determine the purpose or reason for the plaintiff's voluntary dismissal without prejudice. *Id.* at 171-72.

¶26.    The Court concluded that the plaintiff's motion to dismiss, and the district court's grant of dismissal, were based on the fact that a complaint had never been filed. *Id.* at 172. Therefore, the Court construed the voluntary dismissal without prejudice as a dismissal for lack of subject matter jurisdiction. *Id.* at 173-74. In support of its holding, the Court noted:

> Unlike *Barnes*, the record in this case supports that dismissal was based upon a "matter of form" not affecting the merits–namely, a lack of jurisdiction due to the absence of a complaint. [The Plaintiff] inadvertently found himself in a procedural quagmire and made a good-faith effort to preserve his claim. We find that application of the savings statute to [the Plaintiff's] 2005 complaint is appropriate and consistent with the purposes of the statute.

*Id.* at 174.

¶27.    We find *Crawford* analogous to the case at hand. Like the plaintiff in *Crawford*, the Beneficiaries sought dismissal of their cause of action based on the district court's lack of subject matter jurisdiction. In fact, the record discloses that the Beneficiaries diligently contested the district court's subject matter jurisdiction in *Shepard I*. The record shows that the Beneficiaries sought a Rule 54(b) certified judgment to challenge the district court's subject matter jurisdiction. Prior to the dismissal, the Beneficiaries had filed a motion to remand and an interlocutory appeal of the order denying the motion to remand. In response to the motion to dismiss, KCS expressly stated that the Beneficiaries had requested the dismissal to contest the court's subject matter jurisdiction. Thereafter, the Beneficiaries appealed the order denying their motion to remand. Even more compelling is the outcome of the *McKee* case, in which the Fifth Circuit Court of Appeals held that the district court

11

lacked subject matter jurisdiction over the same claims asserted against the same defendants as the case at hand. *See McKee v. Kan. City S. Ry. Co.*, 358 F. 3d 329, 337 (5th Cir. 2004).

¶28. Similar to the plaintiff in *Crawford*, the Beneficiaries "inadvertently found [themselves] in a procedural quagmire and made a good-faith effort to preserve [their] claim[s]." *Crawford,* 990 So. 2d at 174. At no point did the Beneficiaries abandon their claims against KCS and the train crew. They continually and in good faith sought to have the merits of their case heard in a Mississippi state court. *See Hawkins v. Scottish Union & Nat'l Ins. Co*., 110 Miss. 23, 69 So. 710, 712 (1915) (ruling that good faith is an element to consider in determining the right to invoke the savings statute). After reviewing the record, we find the order of dismissal and entry of final judgment was a matter of form under Section 15-1-69, as the dismissal was based on the district court's lack of subject matter jurisdiction. Pursuant to Section 15-1-69, *Shepard II* was timely filed, and we reverse the ruling of the Court of Appeals and the circuit court and remand this case for further proceedings.

## CONCLUSION

¶29. Under the facts and circumstances of this case, we find the dismissal of *Shepard I* constitutes a dismissal as a matter of form under Section 15-1-69 of the Mississippi Code. The Beneficiaries timely refiled their second cause of action within one year of *Shepard I*'s dismissal. Therefore, we reverse the judgment of the Court of Appeals and the trial court judgment and remand the case to the trial court for further proceedings.

¶30. **REVERSED AND REMANDED.**

**WALLER, C.J., CARLSON AND GRAVES, P.JJ., DICKINSON, RANDOLPH, KITCHENS AND PIERCE, JJ., CONCUR. CHANDLER, J., NOT PARTICIPATING.**