# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2009-CA-00158-SCT

*SCOTT PRINGLE, AS NEXT FRIEND AND*
*LEGAL GUARDIAN OF S. W. PRINGLE, A*
*MINOR*

*v.*

*JAMES J. KRAMER, M.D. AND KRAMHEARST*
*BEHAVIORAL INSTITUTE, LLC*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/29/2008 |
| TRIAL JUDGE: | HON. SAMAC S. RICHARDSON |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | DENNIS L. HORN |
| | SHIRLEY PAYNE |
| ATTORNEYS FOR APPELLEES: | ROBERT S. ADDISON |
| | JOHN ALFRED WAITS |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | REVERSED AND REMANDED - 07/29/2010 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE CARLSON, P.J., RANDOLPH AND KITCHENS, JJ.**

**KITCHENS, JUSTICE, FOR THE COURT:**

¶1.     After his first wrongful death, medical negligence suit was dismissed without prejudice for failure to comply with the statutory presuit notice requirements of Mississippi Code Section 15-1-36(15) (Rev. 2003), Scott Pringle, on behalf of his daughter, filed this action against Brentwood Behavioral Healthcare, LLC, James J. Kramer, M.D., and Kramhearst Behavioral Institute, LLC. The trial court dismissed the subsequent lawsuit with prejudice, concluding that the statute of limitations had run. Based on our recent decision

in ***Arceo v. Tolliver ("Tolliver II")***, 19 So. 3d 67 (Miss. 2009), if a medical malpractice cause of action is abated for failure to give presuit notice, the general saving statute of Mississippi Code Section 15-1-69 (Rev. 2003) permits the plaintiff to refile within one year, absent a showing of bad faith in filing the first action. Because Pringle filed this action within one year of the date of the mandate affirming dismissal of the first case, and because we do not find that Pringle acted in bad faith when he filed the first action, the statute of limitations does not bar his present claims.

*Procedural History*

¶2.     Lisa Pringle died on February 28, 2003, while she was a patient at the Brentwood Behavioral Healthcare facility in Rankin County, Mississippi. She was receiving treatment from James J. Kramer, M.D., who was doing business as Kramhearst Behavioral Institute, LLC, domiciled in Madison County, Mississippi. Lisa and Scott Pringle had recently divorced, and she was survived by their daughter, S.W.

¶3.     On August 31, 2004, Scott Pringle, on behalf of S.W., filed a wrongful death, medical negligence action against Brentwood, Dr. Kramer, and Kramhearst in the Madison County Circuit Court. That same day, Pringle also mailed a notice-of-claim letter as required by Mississippi Code Section 15-1-36(15) (Rev. 2003). The parties do not dispute that this lawsuit was filed within the two-year statute of limitations for medical-malpractice actions. Miss. Code Ann. § 15-1-36(1) (Rev. 2003).

¶4.     The defendants responded with a motion to dismiss for failure to provide timely presuit notice. While that motion was pending, Pringle filed a second complaint in the

2

Rankin County Circuit Court. That complaint was substantively identical to the one Pringle had filed in Madison County. The trial judge granted the defendants' motion to dismiss the Madison County action and dismissed the first complaint without prejudice on August 3, 2005. Although the judge found that the notice of intent "contain[ed] the information necessary to place the defendants on notice of a potential lawsuit," it was not sent sixty days prior to the suit's being filed and, therefore, violated Mississippi Code Section 15-1-36(15) (Rev. 2003).

¶5.    On August 8, 2005, Pringle filed a notice of appeal. The next day, on August 9, 2005, Pringle filed a third complaint in the Rankin County Circuit Court which, substantively, was identical to the first and second complaints. The defendants again responded with motions to dismiss the second and third complaints on the grounds that Pringle had not abandoned the Madison County lawsuit and that the Madison County Circuit Court had priority jurisdiction. While these motions to dismiss were pending in the Rankin County Circuit Court, this Court issued a *per curiam* affirmance of the pending appeal on February 8, 2007. Without a written opinion, this Court affirmed the dismissal without prejudice of the first complaint filed in Madison County. The mandate issued on March 1, 2007. On January 10, 2008, the Rankin County Circuit Court summarily dismissed the second and third complaints without prejudice.

¶6.    On February 7, 2008, 343 days after this Court issued its mandate affirming the dismissal of the first complaint, Pringle filed a fourth and final complaint, again with the Rankin County Circuit Court. This fourth complaint is now before this Court. The

3

defendants filed motions to dismiss, arguing that the two-year statute of limitations had run. Pringle responded that the statute of limitations had not run because the general saving statute and the minor saving statute tolled the running of the limitations period. The trial judge, who had presided over all the proceedings in both Rankin and Madison Counties, granted the defendants' motion to dismiss.

¶7.    Pringle timely appealed and requests that the case be remanded and transferred to the Circuit Court of Madison County should this Court rule in his favor.[1]

*I. The General Saving Statute is applicable under* **Tolliver II**.

¶8.    Before briefing in the instant case was complete, this Court issued its opinion in ***Tolliver II***, 19 So. 3d 67, holding that the general saving statute, found at Mississippi Code Section 15-1-69, applies to toll the statute of limitations when a case is dismissed for a plaintiff's failure to provide presuit notice in a medical malpractice action. In that case, Myrtis Tolliver's daughter died on July 13, 2002. Tolliver filed a wrongful death action, founded on medical negligence, on June 4, 2004, without providing the statutory notice. ***Id.*** 19 So. 3d at 69. Following the trial court's denial of a motion to dismiss, this Court granted the defendants' motion for interlocutory appeal. ***Id.*** (citing ***Arceo v. Tolliver ("Tolliver I")***, 949 So. 2d 691 (Miss. 2009)). In that first appeal, we reversed the trial court and rendered judgment in favor of the defendants, dismissing Tolliver's complaint without prejudice for

---

[1]On March 26, 2010, Brentwood was dismissed from the appeal following a settlement agreement.

4

failure to provide presuit notice. ***Tolliver I***, 949 So. 2d at 697-98. The mandate on the first appeal issued on March 15, 2007. ***Tolliver II***, 19 So. 3d at 70.

¶9.    Tolliver filed another complaint on May 9, 2007. ***Id.*** Although she sent a letter to the defendants on February 28, 2007, informing them of her intent to sue, the trial court found that the letter did not substantially comply with the requirements of Mississippi Code Section 15-1-36(15). ***Id.*** Accordingly, the trial court dismissed the action without prejudice. ***Id.*** On appeal, this Court found that the trial court properly dismissed the action for failure to comply with the statutory notice requirement. ***Id.*** The question then became whether the dismissal should have been with prejudice because, according to the defendants, the statute of limitations had run by the time Tolliver filed her second complaint. We held that, because dismissal for failure to provide the statutory notice was a dismissal based on a matter of form, the general saving statute would apply to toll the statute of limitations for one year from the date of this Court's mandate. ***Id.*** at 74-75 (applying Miss. Code Ann. § 15-1-69).[2] Nevertheless, this Court found that dismissal with prejudice was proper because the plaintiff could use the saving statute to toll the statute of limitations but once. ***Id.*** at 76. Because the

---

[2]If in any action, duly commenced within the time allowed, the writ shall be abated, or the action otherwise avoided or defeated, by the death of any party thereto, or for any matter of form, or if, after verdict for the plaintiff, the judgment shall be arrested, or if a judgment for the plaintiff shall be reversed on appeal, the plaintiff may commence a new action for the same cause, at any time within one year after the abatement or other determination of the original suit, or after reversal of the judgment therein, and his executor or administrator may, in case of the plaintiff's death, commence such new action, within the said one year.

Miss. Code Ann. § 15-1-69 (Rev. 2003).

plaintiff's second action also was dismissed for failure to provide notice, the general saving statute did not apply to this second suit. *Id.*

¶10. Applying *Tolliver II* to Pringle's case, the general saving statute found at Mississippi Code Section 15-1-69 gave Pringle one year from the date of this Court's mandate to commence another action. The mandate issued on March 1, 2007, and Pringle filed his last complaint in the Rankin County Circuit Court within the year, on February 7, 2008. Given that less than a year had passed, in keeping with this Court's holding in *Tolliver II*, the statute of limitations had not run by the time Pringle filed this action. Unlike *Tolliver II*, the defendants do not argue that there was insufficient presuit notice. To the contrary, the trial judge found that the August 30, 2004, notice "contain[ed] the information necessary to place the Defendants on notice of a potential lawsuit."

¶11. The defendants recognize this Court's holding in *Tolliver II*, but attempt to distinguish the case, arguing that Pringle may not benefit from the general saving statute because he acted in bad faith when filing the first lawsuit. According to the defendants, failing to provide sixty days' notice "was no accident or innocent mistake, but a conscious, tactical decision by the Plaintiff to avoid tort reform."[3] As we recognized in *Tolliver II*, "[i]n the absence of good faith in initiating an action, the saving statute offers no shelter to a litigant."

---

[3]The so-called "tort reform" legislation became effective on September 1, 2004, two days after Pringle filed his first complaint. *See, e.g.*, Miss. Code Ann. § 11-1-60(2)(a) (Supp. 2009) (capping noneconomic damages in medical malpractice cases at $500,000); Miss. Code Ann. § 11-11-3(3) (Rev. 2004) (requiring medical malpractice actions to be brought in the county where the alleged wrongful conduct occurred).

*Tolliver II*, 19 So. 3d at 75 n.9 (citing *Hawkins v. Scottish Union and Nat'l Ins. Co.*, 110 Miss. 23, 69 So. 710 (1915); *Marshall v. Kan. City S. Ry. Co.*, 7 So. 3d 210, 214 (Miss. 2009)).

¶12.    Pringle counters that he was acting in good faith, because the law in effect at the time he filed his first action did not require dismissal of a suit for failure to give presuit notice. Instead, this Court had held that the remedy for failure to give the statutory notice was for the defendant to request a stay, and, if the defendant failed to request a stay, the issue would be deemed to have been waived. *See, e.g., **Williams v. Clay County***, 861 So. 2d 953, 977 (Miss. 2003), *overruled by **U. of Miss. Med. Ctr. v. Easterling***, 928 So. 2d 815, 820 (Miss. 2006).

¶13.    There is little case law from this Court interpreting what constitutes bad faith in filing an action for purposes of the general saving statute. Long ago, in *Hawkins*, this Court noted an example of bad faith:

> Cases might be supposed, perhaps, where the want of jurisdiction in the court was *so clear* that the bringing of a suit therein would show such *gross negligence and indifference* as to cut the party off from the benefit of the saving statute, as if an action of ejectment should be brought in a court of admiralty, or a bill in equity should be filed before a justice of the peace.

*Hawkins*, 69 So. at 712 (Miss. 1915) (emphasis added) (quoting *Smith v. McNeal*, 109 U.S. 426, 3 S. Ct. 319, 27 L. Ed. 986 (1883)).

¶14.    Given the law in effect at the time Pringle filed his first action, he had no reason to expect that his case would be dismissed for failing to comply strictly with the mandates of Mississippi Code Section 15-1-36(15). Therefore, it cannot be said that Pringle acted in bad

7

faith when he initiated the first lawsuit, and Pringle could avail himself of the general saving statute of Mississippi Code Section 15-1-69.

*II. Venue is proper in Rankin County.*

¶15.    Pringle asks that this case be remanded and transferred to the Madison County Circuit Court, where it originally was filed. Madison County was an appropriate venue on August 30, 2004, but on and after September 1, 2004, medical malpractice actions were required by the legislature to be filed in the county where the alleged negligence occurred. Miss. Code Ann. §11-11-3(3) (Rev. 2004). Because the original suit has been dismissed, and because this action was filed on February 7, 2008, after the venue statute was amended, Rankin County is the appropriate venue.

*Conclusion*

¶16.    Because of this Court's recent decision in *Tolliver II*, the trial judge erred in dismissing Pringle's complaint based on the running of the statute of limitations. Because Pringle did not act in bad faith when he filed his first lawsuit, the general saving statute permitted him to refile within a year. Thus, the judgment is reversed, and the case is remanded to the Rankin County Circuit Court for further proceedings.

¶17.    **REVERSED AND REMANDED.**

**WALLER, C.J., CARLSON AND GRAVES, P.JJ., RANDOLPH, LAMAR, CHANDLER, AND PIERCE JJ., CONCUR. DICKINSON, J., NOT PARTICIPATING.**