LEE, C.J.,
for the Court:
¶ 1. This case concerns the Marion County Circuit Court’s decision to grant Alfa Insurance Corporation’s motion to dismiss due to the expiration of the applicable statute of limitations. Finding no error, we affirm.
PROCEDURAL HISTORY
¶ 2. This case arises from property damage sustained by Sweet Valley Missionary Baptist Church a/k/a HUB Community Baptist Church as a result of Hurricane Katrina. Sweet Valley’s insurance carrier, Alfa, paid benefits on October 14, 2005, in the amount of $9,951.89. On August 29, 2008, Sweet Valley filed its first complaint in the Marion County Circuit Court against Alfa, alleging a breach-of-contract cause of action. After issues with discovery, including problems with one of Sweet Valley’s attorneys, Marc Frischhertz, being admitted pro hac vice, the trial court dismissed Sweet Valley’s case without prejudice on June 29, 2009. The trial court found Sweet Valley failed to cooperate in discovery, to adhere to the scheduling order, and to appear at the scheduled hearing on the matter.
¶ 3. On July 8, 2009, Sweet Valley filed a motion to set aside the judgment or for a new trial. After a hearing on the matter, the trial court denied Sweet Valley’s motion to set aside the judgment. On the same day its motion was denied, January 1, 2010, Sweet Valley filed a new complaint against Alfa. Alfa subsequently filed a motion to dismiss, claiming the three-year statute of limitations had expired. The trial court agreed and granted Alfa’s motion to dismiss.
¶ 4. Sweet Valley now appeals asserting the trial court erred in granting Alfa’s motion to dismiss.
STANDARD OF REVIEW
¶ 5. When reviewing a trial court’s grant or denial of a motion to dismiss, this Court applies a de novo standard of review. Scaggs v. GPCH-GP, Inc., 931 So.2d 1274, 1275 (¶ 6) (Miss.2006). “When considering a motion to dismiss, the allegations in the complaint must be taken as true[,] and the motion should not be granted unless it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of his claim.” Id. (quoting Lang v. Bay St. Louis/Waveland Sch. Dist., 764 So.2d 1234, 1236 (¶ 7) (Miss.1999)).
DISCUSSION
¶6. In its only issue on appeal, Sweet Valley contends the trial court erred in granting Alfa’s motion to dismiss based upon the expiration of the statute of limitations. Specifically, Sweet Valley argues its complaint is not time-barred because the statute of limitations was tolled when its motion to set aside the judgment was filed on July 8, 2009. Sweet Valley claims its motion was filed pursuant to Mississippi Rule of Civil Procedure 59. This particular motion is not included in the record, but since the motion was filed within ten days of the June 29, 2009 dismissal and called into question the correctness of the judgment, we presume the motion was filed under Rule 59(e) as a motion to alter or amend the judgment.
¶ 7. Regardless of how the motion was styled, Sweet Valley can offer no cases directly supporting its position. The cases Sweet Valley cites discuss Rule 59 motions staying the thirty-day time period to appeal, not the statute of limitations. See *350 Bruce v. Bruce, 587 So.2d 898, 903 (Miss.1991).
¶ 8. The three-year statute of limitations began to run on August 29, 2008, when Sweet Valley filed its complaint. The complaint was filed approximately forty-six days prior to the expiration of the statute of limitations, which would have expired on October 14, 2008. The filing of the complaint tolled the statute of limitations until the case was dismissed on June 29, 2009. At that point the statute of limitations began to run again until it expired on August 16, 2009. We note the trial court determined the statute of limitations expired on August 14, 2009. Regardless of whether the statute of limitations expired on August 14 or 16, Sweet Valley filed its new complaint on January 29, 2010, well after the statute of limitations had expired. We find the new complaint filed by Sweet Valley was time-barred; thus, we affirm the trial court’s decision to grant Alfa’s motion to dismiss.
¶ 9. Sweet Valley further argues the savings statute, Mississippi Code Annotated section 15-1-69 (Rev.2003), applies to this matter. Section 15-1-69 states as follows:
If in any action, duly commenced within the time allowed, the writ shall be abated, or the action otherwise avoided or defeated, by the death of any party thereto, or for any matter of form, or if, after verdict for the plaintiff, the judgment shall be arrested, or if a judgment for the plaintiff shall be reversed on appeal, the plaintiff may commence a new action for the same cause, at any time within one year after the abatement or other determination of the original suit, or after reversal of the judgment therein, and his executor or administrator may, in case of the plaintiffs death, commence such new action, within the said one year.
(Emphasis added). Sweet Valley contends the savings statute applies because the original complaint was dismissed as a matter of form. The Mississippi Supreme Court previously has ruled section 15-1-69 applies to cases “[wjhere the plaintiff has been defeated by some matter not affecting the merits, some defect or informality, which [the plaintiff] can remedy or avoid by a new process.... ” Hawkins v. Scottish Union & Nat’l Ins. Co., 110 Miss. 23, 31, 69 So. 710, 713 (1915) (citations omitted). Matters of form have been found to include failure to adhere to notice requirements and lack of subject matter jurisdiction. See Arceo v. Tolliver, 19 So.3d 67, 75 (¶ 39) (Miss.2009); Marshall v. Kan. City S. Rys. Co., 7 So.3d 210, 216 (¶28) (Miss.2009). However, Sweet Valley’s first complaint was dismissed due to its failure to cooperate in discovery, to adhere to the scheduling order, and to appear at the scheduled hearing on the matter. These are matters affecting the merits and not the result of “some defect or informality.” We find the savings statute to be inapplicable in Sweet Valley’s case.
¶10. THE JUDGMENT OF THE MARION COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
GRIFFIS, P.J., ISHEE, ROBERTS, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ„ CONCUR. IRVING, P. J., AND BARNES, J., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.